MARTIN HEFFERLIN v. WILLIAM SINSINDERFER *et al.*

Execution was issued July 31, 1860, on a judgment rendered in Kansas (Territory), December, 1859, on a note made in Missouri, May 5, 1858, and a levy made on lands in Kansas, which were sold thereunder for less than two-thirds their value. *Held*, the contract not having been made in Kansas, it could not be said to have been made with reference to Kansas laws, and any change in the law here regulating the remedy, cannot affect the obligation of such a contract, and the order of the District Court confirming the sale, *held*, erroneous. New sale ordered.

The *lex loci contractus*, at the time the contract was made, determines what the contract was; the *lex fori* at the time the enforcement is sought, prescribes the remedy.

This case was commenced in the District Court in Leavenworth County. The facts sufficiently appear in the opinion of the Court.

The case was argued by *R. W. Housely* for plaintiff in error, and by *Lecompte, Mathias & Burns* for defendants in error.

*Housely*, for plaintiff in error, submitted:

I.   The officer levying execution upon lands must cause the same to be appraised (*Comp. L.*, 198, *Sec.* 44); and that no such lands shall be sold for less than two-thirds of the appraised value thereof. (*Id., Sec.* 46, *pp* 198-9.)

1.   What is the effect of a sale without observing these requirements? If Section 46 is merely directory, the sale is valid; but if the sheriff had no authority to sell for less than two-thirds of the appraised value, then the sale is absolutely void. 3 *How.*, 707-15.

2.   That the sheriff had no authority to sell for less than two-thirds the appraised value, and that the sale made for less is absolutely void, see Comp. L., 198-9, Sec. 46; Gaully's Lessees *v.* Ewing, 3 How., 707-15; Harrison *et al. v.*

51

Doe, *ex dem.* of Rapp, 2 Blackf., 1, 2 ; Curtis *v.* Doe, *ex dem.* of Suearinger Breese, 139, 142 ; 2 Carter, 66 ; Moss *et al. v.* Doe, *ex dem.* of O'Neal bails, 2 Carter, 359 ; Spratt *v.* Reid, 3 Iowa (Greene), 493 ; Babcock *v.* Doe, *ex dem.*, 8 Indiana, 110 ; Lessees of Patrick *v.* Ostrout, 1 Ohio, 27 ; Daniels *v.* McBain, 2 *id.* S., 408 ; Baird *v.* Lent, 8 Watts, 422-4 ; 4 U. S. Dig., 772, Sec. 846 ; Pepper *v.* Copeland, 2 Miles, 419 ; 4 U. S. Dig., 771, Sec. 846 ; Collier *v.* Stembraugh, 6 How. U. S., 14 ; 1 La., 340 ; cited in 9 U. S. Dig., 219 ; Holman *v.* Collins, 1 Smith, 58 ; May *v.* Miller, 20 Penna., 111 ; Bamiester *v.* Higginson, 3 Shep., 73 ; Russ *v.* Selman, 4 *id.*, 209.

3.   Bronson *v.* Kensie, 1 How. U. S., 311, and McCracken *v.* Haywood, 2 *id.*, 608, settle nothing more than that a law requiring that lands levied upon under execution should be appraised, and forbidding the sale of such for less than a certain proportion of the appraised value, is unconstitutional as to prior contracts, when attempted to be enforced in the State where made.   The reason is, that the parties contracted with reference to the existing laws, and which became a part of the contract, as if incorporated into it.   *Smith & Sample* v. *Atwood*, 3 *McLean*, 545.

4.   Defendants in error, suing in Kansas on a contract made in Missouri, must take the remedy as they find it. *Story on Conflict of Laws*, 556-7, 570-1-2 ; 1 *Carter*, 24-29; *Prest. and Directors Bank of Alabama* v. *Dalton*, 9 *How.*, 522.

II.   Sheriff should have returned on the execution "no goods," before levying on the land.   *Comp. L.*, 195, *Sec.* 437.   For aught that appears, Hefferlin had sufficient goods and chattels, subject to execution, to satisfy the same.   If so, the sale is void.   See 3 *How.*

III.   The execution should have been styled, "The Territory of Kansas, Leavenworth County," and therefore is void, not being so styled.   *Civil Code, Sec.* 592 ; 4 *Mo.*, 27 ; 5 *id.*, 227.

No brief for defendants in error has found its way into the hands of the Reporter.

*By the Court,* CROZIER, C. J.

On the fifth day of May, A. D. 1853, Hefferlin, the plaintiff in error, at Weston, in the State of Missouri, made his promissory note, payable to defendants in error in one day after date. On the first day of August, 1859, a suit was brought on this note in the District Court of the then Territory of Kansas, sitting in Leavenworth County, and a judgment was, on the 13th of December of the same year, rendered against Hefferlin. Upon this judgment an execution was, on the 31st of July, 1860, issued to the sheriff of Leavenworth County, who levied upon a quarter section of land as the property of Hefferlin, and having had the same appraised at $1,500, sold it to defendant, Sinsinderfer, for $416; which sale was, by an order of the Court, at December Term, 1860, confirmed, and the sheriff ordered to execute a deed for the lands to the purchaser. The plaintiff in error now seeks to have this order reversed, for several reasons, among which is: that the land was sold for less than two-thirds of its appraised value; or, in other words, was sold without appraisement.

The position taken by the Court below was, that inasmuch as the contract upon which the judgment was rendered had been executed before the passage in this State of any law requiring an appraisement of real estate upon a sale under execution, the law, as announced by the Supreme Court of the United States, did not require or authorize an appraisement; referring to the cases of Bronson *v.* Kinzie, 1 Howard's Rep., 311, and McCracken *v.* Haywood, 2 do., 608.

The case at bar differs from those cases in a very important particular. In each of those cases the contract had been made in the State of Illinois, the law, at the

time of their execution, not requiring an appraisement; and. upon an attempt to enforce them in that State, the Supreme Court of the United States held, that to require property sold to satisfy judgments rendered thereon, to bring two-thirds of an appraised value, would operate to impair the obligation of the contracts.

That conclusion was arrived at upon the theory that the law in force at the time the contract was made, became a part of it, and could not be changed to the prejudice of the party seeking to enforce it.

But in this case the contract was not made in Kansas. It was made before there was a State of Kansas, or even a Territory of Kansas. It was made in Missouri. It could not be said that the law of Kansas became a part of the contract. There was no Kansas law to become a part of it; and if there had been any local law here, this contract, having been made in Missouri, could not be said to have been made with reference to it. The law of Missouri, only, became a part of it; and then only so far as to determine its construction when its enforcement was sought in another State. Each State may prescribe what property of its citizens may be subjected to sale under the process of its Courts; and may prescribe, and from time to time change, the manner of the sale, subject only to the limitation that the obligation of a contract shall not thereby be impaired; and when a contract executed under another jurisdiction is brought here for enforcement, the law here, for the time being, governs the remedy. Any change in the law regulating the remedy here, cannot affect the obligation of such a contract, because the law of the remedy here forms no part of the contract. Any change in the law of the former does not change any ingredient or stipulation of the contract. The *lex loci contractus* at the time the contract was made, determines what the contract was; the *lex fori* at the time the enforcement is sought, prescribes the remedy.

The plaintiffs in the Court below were the beneficiaries of a contract executed in Missouri. The laws of that State furnish the rules of construction, and had a suit been brought on it there, the law of the remedy at the time of its execution, if it had been subsequently changed to their prejudice, might have been invoked to aid in its enforcement. But upon going to another jurisdiction in pursuit of their remedy, they cannot complain if the law of the remedy, at that place, is less efficient when this suit is brought than where the contract was made. They contracted wholly without regard to that law; no part of it entered into the contract, and the obligation thereof is in no sense impaired by a change in that law.

The order of the District Court confirming the sale and ordering a deed, is vacated, and the Court directed to set aside the sale that was made; leaving the plaintiff below to pursue his remedy as if no sale had been made.

All the Justices concurring.