No. 24,990.

Cora Watkins, *Appellee,* v. William Byrnes, *Appellant.*

SYLLABUS BY THE COURT.

1. Negligence—*Collision Between Automobile and Mule Team—Evidence—Findings.* The evidence relating to a collision between an automobile and a mule-drawn wagon, where both were moving in the same direction on a public highway, and where the wagon was proceeding in front and on the left side of the road, which was the beaten part, and where there was not sufficient room to pass on the left side of the road, the driver of the automobile sounded his horn, indicating a desire to pass, but the signal was not heard by the occupants of the wagon, and it was not turned to the right, and the automobile was driven to the left against the wagon, tipping it over and causing the injury for which the action was brought, is held to be sufficient to sustain a finding that the collision was due to the negligence of the driver of the automobile.

2. Same—*Duties of Drivers. of Two Vehicles Traveling in Same Direction.* Where two vehicles are traveling in the same direction and the rear driver gives a signal that he desires to pass and there is not room for passage on the left, it is the duty of the driver of the front vehicle, if practicable and safe, to turn aside so as to leave room on the left for passage, but he is not necessarily negligent if he does not so turn where he does not hear the signal nor know of the purpose to pass or where it is not practicable and safe to turn aside when the signal is given.

3. Same—*Instructions Not Erroneous.* Objections to instructions examined and held to be without prejudicial error.

Appeal from Rooks district court; Charles I. Sparks, judge. Opinion filed December 6, 1924. Affirmed.

*W. K. Skinner,* of Stockton, *C. O. Schultz,* of Hays, *Charles L. Hunt,* and *C. J. Putt,* both of Concordia, for the appellant.

*W. L. Sayers, J. S. Parker,* both of Hill City, and *O. O. Osborne,* of Stockton, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action to recover for injuries sustained in a collision of William Byrnes' automobile with the mule-drawn wagon of Cora Watkins, in which she and three of her children were riding at the time. Plaintiff and her family were traveling on a highway in an easterly direction, her son driving the mules. They were proceeding on the left or north side of the road, which appears to have been the beaten portion of it. The defendant's

Watkins v. Byrnes.

automobile was following the wagon, and as it approached plaintiff's vehicle from behind the horn of the automobile was sounded, indicating a desire to pass and a warning for plaintiff to turn to the right so as to give room on the left for the automobile to pass. It appears the signal given was not heard by the plaintiff or driver of the wagon, but the automobile proceeded and as it tried to pass on the left the right fender of the car struck the left wheel of the wagon, throwing the plaintiff out and causing the injuries of which complaint was made. The plaintiff alleged that the collision and resulting injury was due to the negligence of the defendant. In his answer defendant conceded that the automobile struck the plaintiff's vehicle by reason of which she was thrown to the ground, but he averred that the collision would not have occurred but for plaintiff's negligence. He alleged that upon approaching the wagon, which was traveling on the left side of the road, he repeatedly sounded his horn, indicating an intention to pass, but that plaintiff paid no attention to the signals and continued driving on the left side. That defendant then turned his automobile to the right with a view of passing on that side, but that about that time plaintiff without warning then turned her wagon to the right in front of defendant's advancing automobile, whereupon defendant then tried to turn to the left and avoid hitting the wagon, but that there was not sufficient time and the distance between the vehicles was then too short to enable defendant to pass without striking plaintiff's wagon. The jury returned a general verdict in favor of plaintiff, and with it special findings to the effect that the driver of defendant's car sounded his horn as he approached the wagon and did so within a reasonable distance, but it also found that plaintiff did not hear the signal. It was also found that the driver of the car did not use reasonable care to avoid running into the wagon, and further that there was no negligence on the part of the plaintiff which contributed to the collision. There was a finding too that the defendant's car could have passed on the right side of plaintiff's wagon without colliding therewith, that the driver of defendant's car attempted to pass plaintiff's wagon on the north side at a time and place when it was not reasonably safe to pass on that side, and that the negligence of defendant consisted of approaching the wagon too close before turning out to pass and should have passed on the right-hand side.

In his appeal defendant contends that the testimony was insuf-

ficient to uphold plaintiff's claim, and that his demurrer to plaintiff's evidence should have been sustained.

It is argued that plaintiff was driving on the wrong side of the road, and that as there was not sufficient room on the left side between the wagon and the ditch for the automobile to pass, it was the duty of plaintiff to turn to the right when the passing signal was given by defendant, and if that had been done the collision might have been avoided. While a signal was given by the defendant, the testimony and the findings of the jury are to the effect that the signal was not heard by the plaintiff or the occupants of the wagon, and her son, who was driving the mules, testified that he did not hear the horn or know that anyone was approaching from behind until the collision occurred. It cannot be said that the driving of the team on the north and traveled side of the road constituted negligence *per se*. If plaintiff had heard the signal of defendant, indicating a desire to pass, it would have been her duty to turn to the right provided that part of the road was in a fairly passable condition and such a turn was practical, but even if plaintiff had heard the signal her failure to turn to the right would not necessarily defeat a recovery. The law does not prohibit a person from driving on the left side, and ordinarily it is a question for the jury whether under the circumstances, including the condition of the road, there was a favorable opportunity to seasonably turn to the right, and whether the failure to pass was the proximate cause of the collision and constituted culpable negligence. (*Pens v. Kreitzer*, 98 Kan. 759, 160 Pac. 200; *Zinn v. Updegraff*, 113 Kan. 25, 213 Pac. 816). The defendant does not contend that he was entitled to hold to his side of the road at the risk of a collision, and he concedes that instruction two given by the trial court correctly states the law, wherein the jury were told:

"2. Public highways are for the equal use of different kinds of vehicles, whether driven or propelled by mules or gasoline, and each has the right to use said highway, providing at the time he or she is acting reasonably and with just regard for the rights of others who may be traveling thereon. It does not constitute negligence for a motorist or one driving a team of mules to be upon the opposite side of the road from where he or she should be under the law of the road, as such person is privileged to use any portion of the traveled part of the highway, except that when one is driving an automobile in the same direction as a team of mules is then being driven he must use reasonable caution in passing such animals, and the operator of such automobile when about to overtake another vehicle traveling in the same direction

shall by sound or call indicate to the driver ahead of him his or her desire to pass; it shall then be the duty of the driver of the vehicle in front, if the nature of the ground will permit it, to promptly turn to the right of the center of the road, and the driver of the vehicle behind shall then turn to the left of the center of the road and pass by without interfering or interrupting the vehicle he is passing."

In view of the general verdict and findings, it may be inferred that the occupants of the wagon did not hear any signals given nor did they know of the approach of the defendant's automobile from the rear until the wagon was struck. It may also be inferred that the jury determined that the wagon was not turned to the right as the advancing automobile was turned in that direction, but rather that the automobile was driven too close to the wagon before turning aside to pass the wagon on the left, and this was done when the collision could have been avoided by turning the automobile to the right.

There is a complaint of a ruling of the court refusing an application of defendant to amend his answer. The application appears to have been made after the plaintiff's evidence had been introduced and the demurrer thereto overruled, but what the proposed amendment was is not shown by the record. It may have been such a change of the issues as required the plaintiff to have procured other testimony at that late time in order to meet the new issues. In the condition of the record it cannot be held that an amendment should have been allowed at that time or that the refusal of the one proposed was error.

Complaint is made that instruction three required too high a degree of care of a person driving an automobile. It states:

"3. One driving an automobile upon a public highway must exercise every reasonable caution commensurate with the apparent danger to avoid injury to other persons riding in vehicles on said highway."

This was no more than the laying down of a very proper and general rule as to the care required of those driving an automobile on a public highway. The court in other instructions made particular applications of the same rule. We find no error in it.

Objection is made to instruction four, which stated at considerable length the duties of the drivers of vehicles traveling in the same direction on a public highway where one driver desires to pass the vehicle in front of him. It states that when a warning is given of a desire to pass and the person in front does not turn to the right

after such warning, having knowledge thereof, the person desiring to pass may if there is not sufficient room in the graded part of the highway to pass on the left side, having due regard for the condition of the road and while driving at a reasonable rate of speed, drive to the right of the front vehicle, and if he does so turn to the right and the vehicle in front also turns to the right ahead of him, or when it appears to the driver of the vehicle behind when proceeding in this way that it is probable a collision will occur, then he may, acting reasonably under the circumstances, turn to the left, if it reasonably appears at the time that in doing so he is less likely to collide with the vehicle in front. On the other hand, the one in charge of the vehicle in front, on hearing the warning should promptly turn to the right if the condition in the road will reasonably permit it, and if such person in the vehicle in front did so turn under the circumstances mentioned, and a collision occurred, the one in charge of the rear vehicle would be responsible for a resulting collision. We are of the opinion that there is no ground for reversal in this instruction. In the first place it seems to fairly state the duty of the respective parties, but more than that, it cannot have prejudiced the plaintiff, since the jury found in effect that the signal was not heard and that the wagon was not turned to the right.

A reading of the testimony satisfies us that the evidence is sufficient to support the verdict and findings, and that no error was committed in overruling the motion for a new trial.

Judgment affirmed.