HALL MOTOR FREIGHT, a Corporation, Appellant, v. BROOKINGS MONT-
GOMERY and GERTRUDE MONTGOMERY.—No. 40613.—212 S. W.
(2d) 748.

Division One, June 14, 1948.

Rehearing Denied, July 12, 1948.

*Paul C. Sprinkle, William F. Knowles* and *Sprinkle & Knowles*
for appellant.

*Robert L. Robertson* and *Sam Mandell* for respondents; *Popham, Thompson, Popham, Mandell & Trusty* of counsel.

[750] BRADLEY, C.—Appellant filed suit against respondents (husband and wife) to recover $1600 for damages to appellant's truck resulting from a collision between the truck and the car in which respondents were riding. The car was owned and driven by respondent Brookings Montgomery who filed a counterclaim to recover $1500 damages to his car and $5,000 for personal injuries. Mrs. Montgomery counterclaimed for $15,000 for personal injuries. The jury found against appellant on its claim for damages to the truck and found for Brookings Montgomery on his counterclaim in the sum of $1500 for damages to his car and for personal injury; and found for Mrs. Montgomery on her counterclaim in the sum of $8,000. Appellant filed motion for new trial on its claim against respondents and on the counterclaims. These motions were overruled and this appeal followed.

The collision occurred about 1:30. A. M., about 15 miles west of Kansas City, Missouri, on highway 10 in Johnson County, Kansas. Appellant's truck (a tractor-trailer) driven by its agent, was traveling east and respondents were traveling west. Appellant's case was submitted to the jury on the charge that respondents' car at the time of the collision was being driven on the left (wrong) side of the road; respondents' counterclaims were submitted on the same kind of a charge. In other words, each accused the other of being on the wrong side of the road.

Appellant assigns error on the exclusion of evidence and on respondent's instructions 3 and 4.

Neither side challenges the sufficiency of the evidence to support submission, hence it will not be necessary to set out the evidence at length. Infra we make more specific reference to the evidence.

Appellant contends that it was prejudiced by the exclusion of evidence. It appears in the record that respondent Brookings Montgomery was charged in a justice of the peace court in Johnson County, Kansas, with reckless driving on the occasion of the collision. At the trial of that case, September 19, 1945, Brookings Montgomery stood on his constitutional rights and declined to testify. At the close of the direct examination of Brookings Montgomery in the present case, the following occurred: "Mr. Sprinkle (counsel for appellant): Let the record show as cross examination of the defendant Brookings Montgomery that the plaintiff makes this offer to show that on September 19, 1945, that he (Montgomery) together with Mr. Robertson, his attorney, appeared before R. E. Baker, justice of the peace of Shawnee Township, Johnson County, Kansas, at Shawnee, Kansas; there to answer a charge of reckless driving and that after the testimony was in that through his attorney this statement was made by Mr. Robertson: 'I would rather the defendant not testify; the defendant will stand on his constitutional rights.' " Objection was made to the offering on the ground that Brookings Montgomery

had taken the stand and was subject to cross examination; that the charge of reckless driving in Kansas was a misdemeanor and that he had the right to testify or not to testify in the justice of the peace court, and that his refusal to testify could not be "held to account against him" in the present case. The objection was sustained and there was no cross examination of Brookings Montgomery.

Although the causes of action in the present case accrued in Kansas, neither side pleaded the Kansas law. We rule infra that the causes, however, are governed by the law of Kansas except as to procedural matters. The question on the exclusion of the offering is procedural and is governed by the law of the forum. 11 Am. Jur., p. 520, Sec. 202; Hopkins v. Kurn et al., 351 Mo. 41, 171 S. W. (2d) 625, 149 A. L. R. 762.

Our Constitution, Art. I, Sec. 19, provides that "no person shall be compelled to testify against himself in a criminal cause", and we might say that the Kansas Constitution is to the same effect. See General Statutes of Kansas, 1935, p. 41. So it appears that under both the law of the forum and the lex loci [751] Brookings Montgomery was within his constitutional rights in refusing to testify in the justice court in Kansas, and appellant so concedes. But appellant argues that since Brookings Montgomery is a party to the present cause any "statement or any conduct" by him which is contrary to his evidence in the present case is admissible as an admission against interest. In the present case Brookings Montgomery testified that, at the time of the accident here involved, he was driving on his own side of the road and to the effect that the collision was not due to his fault.

In support of the assignment based on the exclusion of appellant's offering many cases are cited. Among these are Rice v. Jefferson City Bridge & Transit Company (Mo. App.), 186 S. W. 568; Pennington v. Kansas City Rys. Co., 201 Mo. App. 483, 213 S. W. 137; Harrison et al. v. St. Louis-S. F. Ry. Co. (Mo. App.), 291 S. W. 525; Freeman v. Kansas City Public Service Co. (Mo. App.), 30 S. W. (2d) 176; Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S. W. (2d) 618; Summers v. Keller et al., 152 Mo. App. 626, 133 S. W. 1180; State v. Graves, 352 Mo. 1102, 182 S. W. (2d) 46.

None of the cases cited presented such a situation as here. We think the ruling in Masterson et al. v. St. Louis Transit Co. (banc), 204 Mo. 507, 103 S. W. 48, is decisive on the point. The Masterson case was to recover damages for the death of the plaintiffs' son struck and killed by the defendant's street car. The motorman was a witness for the defendant. On cross examination he was asked if he testified at the inquest and answered that he did not. Then he was asked if he was present at the inquest and said that he was. Then counsel for the plaintiffs sought to introduce a transcript of the evidence taken at the inquest in which it appeared that the motorman was sworn as a witness and was asked "to state all about running

over this boy'' and said, ''I don't care to testify; I might incriminate myself.'' The transcript was excluded. In sustaining the exclusion the court said [204 Mo. l. c. 524]:

''The contention of plaintiffs is that the evidence was competent as tending to impeach the witness; the inference they would draw is that if he had not been afraid of incriminating himself he would have told a different story at the coroner's inquest from that which he told at this trial, and the fact that he declined for that reason to testify puts him under the suspicion of carrying a guilty conscience and authorizes the jury to discredit his testimony. The right of the motorman to refuse to testify under the circumstances stated was a personal right of such high importance that it is expressly guarded in the Constitution itself. It is there given absolutely and unequivocally, yet we are now asked to declare that it is a right which the citizen will exercise at his peril, the peril of being branded with suspicion, the peril of having it brought up against him to impeach him if he should ever assert his innocence. Such a ruling would be a gross impairment of the constitutional right; because it would burden it with a dangerous consequence.'' See also Garrett v. St. Louis Transit Co., 219 Mo. 65, 118 S. W. 68; State v. Conway et al., 348 Mo. 580, 154 S. W. (2d) 128; Hill et al. v. Missouri Packing Co. (Mo. App.), 24 S. W. (2d) 196. But appellant argues that since Brookings Montgomery is a party to the present cause, the immunity provided in Art. I, Sec. 19 of the Constitution is not applicable. It will be noted in the excerpt, supra, from the Masterson case that the right of a defendant in a criminal case to refuse to testify is a personal right of high importance, given absolutely and unequivocally by the Constitution. And it is made quite clear in that case that a citizen may exercise the constitutional right to refuse to testify in a criminal case when he is defendant without ''the peril of having it brought up against him to impeach him if he should ever assert his innocence.'' Also, such right is given by the Constitution absolutely and unequivocally. Such right could not be absolute and unequivocal unless it applied to all alike. We rule that the offering was properly excluded.

Respondents' instruction No. 3 told the jury that if they found that as appellant's truck ''neared and reached the point of said collision said truck was being driven [752] north of the center of said highway and was on its left and wrong side thereof and if you find the south side of said highway was then open and unobstructed and if you find that the driver of said truck in so driving to his left of the center of said highway, if so, was negligent and thereby caused or thereby directly contributed to said collision, if you so find, then your verdict will be for defendants Montgomery and against plaintiff Hall Motor Freight on the claim of plaintiff Hall Motor Freight for damages.''

And respondents' instruction No. 4 told the jury that if they found that "Mr. and Mrs. Montgomery at all times used ordinary care and that the Montgomery car was at the time of the collision and at all times prior thereto on their own right side of the highway and north of the center thereof, if you so find, and if you find that immediately before and at the point of said collision the driver of the Hall Motor Freight truck was driving said truck to its left of the center and on its wrong side of said highway and if you find the south side thereof was open and unobstructed and if you find that by so driving said truck to its left of the center of said highway, if so, said truck driver was negligent and thereby directly caused said collision, if you so find, and if you find that Mr. and Mrs. Montgomery were thereby injured, then your verdict on the claim of Mr. and Mrs. Montgomery against plaintiff Hall Motor Freight for damages must be for defendants Mr. and Mrs. Montgomery and against plaintiff Hall Motor Freight."

Appellant says that these instructions "eliminated its right to recover notwithstanding the conduct" of respondents; that the two instructions are conflicting with respect to the rights of appellant and respondents; that instruction No. 4 "contained as to respondents the wrong degree of care." Appellant says that instruction No. 3 "does not in any way refer to the conduct" of respondents; that the instruction permits respondents to win upon appellant's suit no matter where the automobile was at the time of collision; that the jury could conclude from the instruction that the truck driver was negligent merely because the truck was on the wrong side of the road; that the jury, under the instruction, could so find "notwithstanding the fact that they might find that at the same time respondents' automobile was on the wrong side of the road and that the driver of the truck attempted to avoid collision by turning to his left."

As stated, supra, each accused the other of being on the wrong side of the road. Appellant in the brief correctly states the version of its driver as follows: "Appellant's transport truck was traveling in a generally easterly direction on the highway which was concrete and about 18 feet in width. The respondents were traveling in their automobile in the opposite direction. It was the testimony of appellant's driver that he was coming around a small curve, and that he was traveling upon the right hand portion of the pavement. He testified that he noticed respondents' car coming towards him indicating that they were crossing the center of the pavement and that he flashed his lights; and that when he was then about 100 feet away from the approaching car that it was on the left portion of the road and that he again blinked his lights and pulled over on the right shoulder of the road. He stated that it appeared that the other car was going to collide with his motor vehicle while he was on the shoulder so he pulled abruptly to the left and that when his left

front wheel was near the middle dividing line of the highway that the car of the respondents struck his right front fender." The evidence on behalf of respondents was to the effect that their car, prior to the collision, was not south of the center of the road, and that the collision occurred on the north side of the road. These were fact issues and were settled adversely to appellant by the verdict of the jury.

We might make reference to appellant's instruction No. 1 which, in effect, told the jury to find for appellant on its claim for damages to its truck and on the counterclaim if they found: (1) That appellant's truck was operated on the right hand or south side of the road; (2) that respondents' car was operated on the left hand or south side of the road, and that such operation constituted negligence; and (3) that such negligence, if found, caused [753] the collision. While neither side pleaded the Kansas law, yet we might say that each proceeded on the theory that the other drove in such a way as to amount to a violation of Sec. 8-537, Kansas G. S., 1943 Supp., which section reads as follows: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; (2) when the right half of a roadway is closed to traffic while under construction or repair; (3) upon a roadway divided into three marked lanes for traffic under the rules applicable thereon, or (4) upon a roadway designated and signposted for one-way traffic." In the 1947 Supplement of the Kansas statutes this section has the word roadways in the first line instead of driveways. A violation of this section constitutes negligence. Thomas et al. v. Meyer et al., 150 Kans. 587, 95 Pac. (2d) 267; Cox v. Kellog's Sales Company et al., 150 Kans. 561, 95 Pac. (2d) 531. We do not think that when all the instructions are considered together that it is likely that the jury was misled by instruction No. 3, nor do we think that instructions 3 and 4 conflict.

We now take up instruction No. 4. It will be noted that the instruction required only ordinary care on the part of respondents, and appellant says such was error. Under our statute, Sec. 8383 R. S. 1939, Mo. R. S. A. Sec. 8383, the operator of an automobile is required to use the highest degree of care. While neither side specifically pleaded the Kansas law, yet it is stated in respondents' pleadings that the collision which gave rise to the causes of action involved here occurred in Kansas, and respondents say that the causes were tried under the law of Kansas. Our civil code, Laws 1943, Sec. 54(b), p. 373, provides that "in every action or proceeding wherein the pleading states that the law of another state is relied on, the courts of this state take judicial notice of the public statutes and judicial decisions of said state." And this section was enlarged by

Rule 3.14 which provides: "A pleading shall be considered sufficient to authorize the court to take judicial notice of the law of another state if it either alleges that the party filing it relies upon the law of another state or contains allegations which show that the law of another state must be applied."

"Where an action is brought in one jurisdiction for a tort committed in another, the general rule is that all matters relating to the right of action are governed by the lex loci delicti." 11 Am. Jur., Sec. 182, p. 490; Fogarty v. St. Louis Transfer Co., 180 Mo. 490, 79 S. W. 664; Root v. Kansas City So. Ry. Co., 195 Mo. 348, l. c. 370, 92 S. W. 621. The law of Kansas, except as to procedural matters should, we think, govern here. Kansas does not have a statute on the care required by the operator of an automobile. Such is left to the common law, and only ordinary care is required, that is, care commensurable with the circumstances. Watkins v. Byrnes, 117 Kans. 172, 230 Pac. 1048. Instruction No. 4 was not erroneous.

The judgment should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.