Nathan A. VALLEROY, Respondent,

v.

SOUTHERN RAILWAY COMPANY,
a corporation, Appellant,

and

Terminal Railroad Association of St. Louis,
Defendant.

No. 51466.

Supreme Court of Missouri,
Division No. 2.

May 9, 1966.

Motion for Rehearing or to Transfer to
Court En Banc Denied June 3, 1966.

Gray & Sommers, Charles E. Gray and Jack C. Terry, St. Louis, for plaintiff-respondent.

George E. Lee and Doris J. Banta, St. Louis, Carter, Bull, Baer, Presberg, Lee & Stanard, St. Louis, Roberts, Gundlach, Lee & Stubbs, East St. Louis, Ill., of counsel, for defendant-appellant, Southern Ry. Co.

STOCKARD, Commissioner.

Southern Railway Company, hereafter referred to as "Southern" has appealed from a judgment entered against it in the amount of $60,000 for personal injuries sustained by plaintiff as the result of a train collision.

Plaintiff's petition was in two counts. The first purported to state a cause of action against Southern and against Terminal Railroad Association of St. Louis, hereafter referred to as "Terminal," under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The second count, alleged in the alternative, purported to state a cause of action only against Southern based on common law negligence. At the close of plaintiff's evidence the trial court directed a verdict for Terminal and for Southern on Count I. The case then proceeded to trial against Southern alone on Count II, and a mistrial was subsequently declared when the jury was unable to agree upon a verdict. Following plaintiff's motion for a new trial as to Terminal and Southern on Count I, the trial court denied the motion as to Southern and sustained it as to Terminal. The trial in which the judgment was entered from which this appeal was taken was against Terminal on Count I under the Federal Employers' Liability Act, and against Southern on Count II on common law negligence. The jury verdict was against plaintiff and in favor of Terminal on Count I, and in favor of plaintiff and against Southern on Count II in the amount of $85,000. The trial court thereafter sustained the motion of plaintiff

for a new trial against Terminal, it overruled the motion of Southern for judgment notwithstanding the verdict, and it overruled Southern's motion for new trial on condition that plaintiff enter a remittitur in the amount of $25,000, which was done. Plaintiff's cause of action against Terminal was subsequently dismissed without prejudice. It is from this judgment against Southern in the amount of $60,000 that this appeal is taken.

The accident in which plaintiff was injured occurred between 12:30 and 1:00 o'clock in the morning of April 9, 1963, in an area known as the 6th Street yard of Southern in East St. Louis, Illinois. During switching operations by a Southern crew a boxcar owned by Seaboard Air Lines was "kicked" onto track 3 so that when other switching work was completed the boxcar could be placed on a nearby track in a reversed position. Both the conductor and the brakeman of the Southern switching crew were aware of the fact that the boxcar had come to rest on track 3 in a position where it "fouled" or did not clear what was referred to as the running track. Plaintiff was employed by Terminal as a fireman-engineer, and reported for work on the night of April 8 with other members of his crew at the switching and classification yard of Terminal. The first and usual course of business for this switching crew was to take a "cut of cars" to the switching and classification yard of Southern. The line of track used for this operation was the running track. When Terminal engines were operating on this track in the Southern 6th Street yard they were governed by Southern's operating rules which required that engines were to be operated at a speed which would permit stopping within one half of the distance of visibility. The Terminal engine, with plaintiff acting as fireman, was pulling twenty-two cars and a caboose. The headlight was lit and it threw a beam of light 600 feet ahead. As the engine approached the place of the accident, the running track made a slight "dog leg" curve to the right at a switch

point, referred to as a "frog," and then curved back to the left to a second "frog" 476 feet distant and which led into track 3 where the boxcar was standing. There was a dispute in the testimony as to when the engineer and plaintiff could and should have seen the boxcar fouling the running track. There was also a sharp dispute as to the speed at which the terminal engine with its twenty-two cars was being operated. In any event, the Terminal engine struck the boxcar and plaintiff was injured.

Southern's first point on this appeal is that Count II of the petition failed to state a cause of action for common law negligence against it because plaintiff affirmatively pleaded facts showing that the cause of action, if any, arose in Illinois, but he did not allege that he was in the exercise of due care for his own safety at the time of the accident.

■ Civil Rule 55.23(b), V.A.M.R., provides that "In every action or proceeding wherein *the pleading* states that the law of another state is relied upon or *contains allegations* which show that the law of another state must be applied, the courts of this state shall take judicial notice of the public statutes and judicial decisions of said state. The court may inform itself of such laws in such manner as it may deem proper, and may call upon counsel to aid it in obtaining such information." (Italics added.) The petition affirmatively alleged that the cause of action arose in the State of Illinois, and this fact was established by proof at the trial, and by reason of the provisions of the above quoted rule the substantive rights of the parties must be determined by the law of Illinois. Hall Motor Freight v. Montgomery, 357 Mo. 1188, 212 S.W.2d 748; Graham v. Illinois Terminal R. Co., Mo. App., 260 S.W.2d 846; Hughes Provision Co. v. La Mear Poultry & Egg Co., Mo. App., 242 S.W.2d 285. The trial court was and on appeal this court is required to take judicial notice of all statutes and judicial decisions of that state relevant to the issues presented.

In Redick v. M. B. Thomas Auto Sales, Inc., 364 Mo. 1174, 273 S.W.2d 228, this court reviewed Illinois cases and prior decisions of this court and held: "It is also clear that under the law of Illinois it was incumbent upon plaintiff to allege and prove that he was in the exercise of ordinary care for his own safety at the time of the accident." In this case plaintiff did not so plead in his petition. Southern filed a motion to dismiss Count II on the ground that it "fails to state facts therein sufficient in law to entitle him to the relief prayed for therein and fails to state a cause of action against this defendant." This motion was overruled. Whether or not the deficiency in the petition now asserted by Southern was expressly called to the attention of the trial court in oral argument on the motion is not revealed by the record. Southern's answer to Count II consisted of certain admissions concerning plaintiff's employment and the occurrence of the collision, and an allegation that plaintiff's injuries, if any, "were directly and proximately caused and contributed to be caused by his own acts of negligence and carelessness in failing to exercise ordinary care for his own safety in that he failed to keep a careful lookout and watch ahead and laterally ahead for obstacles and obstructions situated on or near the track on which his engine was being operated and in failing to observe and comply with applicable yard rules." No reply was filed, but by reason of Civil Rules 55.01 and 55.11, V.A.M.R., none was required to be filed to put in issue plaintiff's contributory negligence.

Southern contends that a petition which states no cause of action presents a jurisdictional defect which may be raised at any stage of the case, and this ordinarily is true. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; Civil Rule 79.03, V.A.M.R. Plaintiff contends, on the other hand, that by reason of Southern's answer and Civil Rules 55.01 and 55.11 the issue of his freedom from contributory negligence or exercise of due care was made an issue in the case, and that the omission in the petition

was thereby cured. A similar situation developed in Bean v. Ross Manufacturing Company, Mo., 344 S.W.2d 18, but there a reply was actually filed. It was held that "the answer affirmatively put in issue the question of plaintiff's due care, and it seems that under the law of both Missouri and Illinois, at least when the reply joins in the issue, this cures the omission of an element from the petition." By operation of Civil Rule 55.11 the averments in the answer that plaintiff was contributorily negligent, that is, that he was not in the exercise of due care, were "taken as denied or avoided." Therefore, under our procedural rules the issue of plaintiff's contributory negligence was joined, whether or not a reply actually was filed. We conclude, as was done in the Bean case, that the omission of the essential element in the petition as to plaintiff's exercise of due care was cured. However, it was further stated in the Bean case that even though the error of omission in the petition was cured, plaintiff still "had the burden of proving his freedom from contributory negligence, notwithstanding defendant's affirmative plea." This presents Southern's second point in its brief; that the trial court erred in giving Instruction 5 over its objection by which the jury was told that "it does not devolve upon plaintiff to disprove said claim [of contributory negligence], but rather the law casts the burden of proof in reference to said claim upon defendant Southern Railway Co."

In O'Leary v. Illinois Terminal Railroad Company, Mo., 299 S.W.2d 873, this precise question was before this court. There the cause of action arose in Illinois, and the contention was that the trial court erred in giving an instruction at the request of the plaintiff which cast upon defendant "the burden of proving its affirmatively pleaded defense of contributory negligence on the part of plaintiff in bar of any right of recovery she otherwise might have." After a thorough and careful review of the cases, this court quoted from Redick v. M. B. Thomas Auto Sales, Inc.,

supra, and held that the Illinois requirement that plaintiff prove he was in the exercise of due care is substantive "just as much so as is the requirement that plaintiff plead and prove the negligence of defendant," and it was held that giving the instruction constituted error. See also, Bean v. Ross Manufacturing Company, Mo., 344 S.W.2d at p. 26. We are in agreement with that ruling, and we see no occasion to restate or discuss the rationale of the O'Leary case. We conclude and hold that Instruction 5, which placed on Southern the burden of proof of establishing plaintiff's contributory negligence, was erroneous notwithstanding Southern's affirmative plea in its answer. However, plaintiff advances several contentions why Instruction 5 should not be considered to be erroneous, or at least not prejudicially erroneous, in the circumstances of this case, and we shall now examine those contentions.

Plaintiff points out that prior to trial Southern sought a severance of the common law action from the action based on the Federal Employers' Liability Act. One of the reasons advanced by Southern was that "the defenses of contributory negligence and assumption of risk are properly available to it" as to Count II but not as to Count I, and the consolidated trial of these two causes of action would be confusing to the jury. This motion was overruled. Plaintiff further points out that Southern pleaded contributory negligence as an affirmative defense in its answer, that Southern offered no instruction placing the burden of proof on plaintiff to establish freedom from contributory negligence although plaintiff requested and the court gave an instruction placing the burden on Southern, and that Southern first made its present contention in its motion for new trial. Plaintiff also states that Southern's pleadings did not invoke the law of Illinois, and it did not advise the court that it was relying upon the law of that state. Plaintiff asserts that for these reasons the common law of Missouri was applicable, and that Southern waived the application of Illinois law or is estopped to invoke the Illinois law. With this we cannot agree.

When plaintiff brought his action alleged in Count II, based on common law negligence, and affirmatively alleged (and subsequently proved) that the cause of action arose in Illinois, the trial court was required to take judicial notice of and apply the Illinois law. Civil Rule 55.23, V.A.M.R. Plaintiff, by so pleading, gave notice to the court and to Southern that he was invoking and relying on the law of Illinois. Southern was the defendant in the action, and in the absence of a denial by it that the Illinois law governed, no notice or action by it was necessary to invoke the application of the Illinois law. Plaintiff had already done so.

We do not consider that the language in the motion for a severance, relied on by plaintiff and previously set out, constituted a denial by Southern of the application of the Illinois law. The defense of contributory negligence is available to a defendant in a common law action under the Illinois law, and the allegation in the motion to that effect was correct. In the O'Leary and Bean cases this court held that by defendant affirmatively pleading contributory negligence as a defense in a common law action in which the Illinois law was applicable the plaintiff was not relieved of the burden of proving the exercise of due care on his part. Therefore, Instruction 5 placed the burden on the wrong party, and plaintiff cannot escape the consequence of an erroneous instruction given at his request, when defendant properly and timely objected thereto, on the ground that defendant should correct his error. This is not the situation where the instruction did not constitute a misstatement of the law but defendant believed it was not as complete as it should have been.

Plaintiff further argues that the law of Illinois was not applicable in this case because Southern did not comply with Section 490.110, RSMo 1959, V.A.M.S.,

which is a part of "The Uniform Judicial Notice of Foreign Law Act." Section 490.-080 provides that every court of this state shall take judicial notice of the common law and statutes of other states. There is no requirement in this section that the foreign law be pleaded. Section 490.090 provides that the court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information. Section 490.110 then provides that any party "may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise." Plaintiff asserts that this requirement of reasonable notice was enacted by the legislature after the adoption of Rule 3.14 which was replaced by Civil Rule 55.23, and that this requirement was not met by Southern. We shall assume the requirement to be in effect. See the Comment, Judicial Notice of Foreign Law as Developed in Missouri Tort Law, 25 Mo.Law Rev. 176. However, the requirement is that notice be given "in the pleadings or otherwise." By affirmatively pleading in his petition that the cause of action arose in Illinois, plaintiff gave the required reasonable notice, not only to Southern but to himself, and he cannot complain that Southern did not give him notice that it intended to rely on the Illinois law which by his pleadings plaintiff had invoked.

Plaintiff next asserts that "Under the applicable law of the State of Illinois, the burden of proving alleged contributory negligence of plaintiff rested on the defendant." The basis of this contention is not easily understood or stated. Count I of the petition purported to state a cause of action against Southern and against Terminal based on the Federal Employers' Liability Act. At the first trial, the trial court directed a verdict as to Count I in favor of Southern, and plaintiff asserts in his brief that this was upon "the theory that the Federal Employers' Liability Act was not available to plaintiff" in his alleged action thereunder against Southern. Whether this was the theory of the trial court we cannot say. In the order granting the directed verdict it was stated that "said order to be held in abeyance until conclusion of the entire case." After a mistrial, the case again went to trial on Count I against Terminal under the Federal Employers' Liability Act, but not against Southern. No appeal has been taken by plaintiff as to the disposition of Count I against Southern. Plaintiff argues that his verdict directing instruction as to Count II against Southern based on common law negligence, required the jury to find that while plaintiff was a fireman on an engine of Terminal and delivering "a cut of cars" to Southern and operating on Southern's tracks the collision occurred and plaintiff was injured. He then cites and quotes from several Illinois cases, and concludes "from the foregoing, the only logical conclusion that can be reached is that under the facts present in the instant case, the courts of Illinois would apply the principle of the Federal Employers' Liability Act," and that "the question is not what law the case was submitted under but the question is what law of Illinois is applicable to the factual situation submitted by plaintiff's Instruction No. 2." He then cites Illinois cases brought under the Federal Employers' Liability Act to show that the burden of proving contributory negligence (not as a defense but in mitigation of damages) rests on the defendant, and concludes that "Under such facts, the substantive law of Illinois places the burden of proof on defendant."

Whether the Federal Employers' Liability Act applies to the factual situation of plaintiff's claim against Southern is not to be determined by the law of Illinois, but by Federal law. Also, whether or not the trial court improperly directed a verdict against plaintiff and in favor of Southern as to Count I based on the Federal Employers'

Liability Act is not an issue on this appeal. On the contrary, this appeal pertains to the correctness of the judgment in favor of plaintiff and against Southern on Count II in which plaintiff alleged and submitted his cause of action on common law negligence to which the substantive law of Illinois was applicable. Whether the Illinois courts hold that in an action based on the Federal Employers' Liability Act the defendant has the burden of proving contributory negligence (for the limited permissible purpose) is immaterial. The issue is whether, in an action based on common law negligence, and to which the substantive law of Illinois is applicable, plaintiff has the burden of proving he was in the exercise of due care, or defendant has the burden of proving contributory negligence on his part. As previously pointed out under the Illinois law the burden is on the plaintiff to prove he was in the exercise of due care.

Plaintiff next contends that there was no evidence warranting the submission of any contributory negligence, that is, that there was no evidence from which it could be found that he was not in the exercise of due care. To this we cannot agree. A jury could have found from the evidence that plaintiff knew the engine on which he was riding was in a Southern yard where switching operations by Southern were performed. He acknowledged that it was his duty to keep a lookout for any obstructions which might be in the way. Plaintiff testified that he did not see the boxcar fouling the track until 100 yards from it. There was evidence from which the jury could have found that he could and should have seen the boxcar, and that it was fouling the track, at least 700 feet away, which was in time for plaintiff to have warned the engineer and prevented the collision. Southern alleged and submitted contributory negligence on the part of plaintiff in failing to maintain a lookout and to warn the engineer of the presence of the boxcar fouling the track. We need not set out other evidence.

We necessarily conclude that error prejudicial to Southern resulted from the giving of Instruction 5 over its objection, and for that reason the judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.