STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

James Eaton BLAIR Jr., et al., Defendants-
Respondents.

No. 9156.

Missouri Court of Appeals,
Springfield District.

July 28, 1972.

Robert L. Hyder, Ronald J. Prenger, Jefferson City, for plaintiff-appellant.

Dempster, Yokley & Fuchs, Robert A. Dempster, Gene R. Yokley, Sikeston, for defendants-respondents.

STONE, Judge.

In this action at law, relator State Highway Commission of Missouri seeks to recover the sum of $1,563.20 for damage to a bridge on U. S. Highway No. 61 in Pemiscot County, Missouri, when it was struck on November 13, 1969, by a loaded tractor-trailer unit driven by defendant James Eaton Blair, Jr., allegedly acting as agent, servant and employee of defendant Lester W. Painter, owner of the tractor, and defendant Richard Turnbull, owner of the trailer and lessee of the tractor. In response to relator's petition, defendants filed a motion to dismiss (a) because the petition "fails to state a claim upon which relief can be granted" and (b) "for lack of jurisdiction of the court." From the judgment of dismissal entered upon sustention of defendants' motion, relator appeals.

No evidence was taken on the motion to dismiss and the transcript on appeal does not indicate what motivated the trial court's dismissal of the cause. However, this has been made manifest on appeal, initially by the frank statement of defendants'-respondents' counsel in their brief that they limited their presentation in support of the judgment of dismissal "to the issue of appellant's [relator's] right to bring an action based on *common law* negligence," and subsequently beyond peradventure of doubt by equally candid statements of counsel in recorded oral argument which has been carefully reviewed by us prior to preparation of this opinion. (All emphasis herein is ours.)

This issue appears to have been raised and presented on the assumption and belief (albeit mistaken, as we shall point out) that, in fact, relator's suit was "an action based on *common law* negligence." Relator's petition charged that the "collision was the direct and proximate result of defendant James Eaton Blair's *failing to exercise the highest degree of care in the operation of his vehicle* in the following respects, to wit," failing to keep his vehicle on the traveled roadway, operating it at a high and dangerous rate of speed under the then existing circumstances, failing to keep a proper lookout, failing to control his vehicle, failing to inspect it for defects, and operating it on a public highway when he knew or by exercise of *"the highest degree of care"* should have known that it was in unsafe condition for such opera-

tion. At *common law*, the duty imposed upon a traveler on a public highway "by any means of locomotion whatsoever" is simply "that of *ordinary care*" [DeMariano v. St. Louis Public Service Co., Mo., 340 S.W.2d 735, 743(8); Nakos v. Dean, Mo.App., 417 S.W.2d 680, 683--see Hall Motor Freight v. Montgomery, 357 Mo. 1188, 1195, 212 S.W.2d 748, 753(10), 2 A.L.R.2d 1292; 60A C.J.S. Motor Vehicles § 247, p. 25]; and it is only by reason of *statutory enactment* [V.A.M.S. § 304.010] that "[e]very person operating *a motor vehicle* on the highways of this state" is required to "exercise *the highest degree of care.*" [1]

■ Hence, as clearly evidenced by the petition, relator's action was predicated on *statutory* negligence, i. e., defendants' alleged failure to comply with valid statutory requirements which proximately caused relator's damage. 40 Words and Phrases (Perm. Ed.), "Statutory Negligence," p. 177; Salt River Valley Water Users' Ass'n. v. Compton, 39 Ariz. 491, 8 P.2d 249, 251(2). See 57 Am.Jur.2d Negligence § 4, l. c. 338; 65 C.J.S. Negligence § 19(1), p. 615. This being dispositive of the instant appeal, we do not gratuitously reach for and needlessly rule other questions. Ratterree v. General Motors Corp., Mo.App., 460 S.W.2d 309, 315; Public Water Supply Dist. of Pemiscot County No. 1 v. Fowlkes, Mo.App., 407 S.W.2d 642, 647(5); Macy v. Day, Mo.App., 346 S.W.2d 555, 559(5); State ex rel. Sho-Me Power Corp. v. Hawkins, Mo.App., 337 S.W.2d 441, 444. However, in view of the briefs filed in the case, it may not be inappropriate to direct counsel's attention to the penal statute [V.A.M.S. § 304.570] leveled at "[a]ny person who violates any of the provisions of this chapter [304] . . . for which no specific punishment is provided," and to some of the prosecutions for criminal offenses charged thereunder. E. g., State v. Ball, Mo.App., 171 S.W.2d 787; State v. Tevis, Mo.App., 340 S.W.2d 415; State v. McNail,

Mo.App., 389 S.W.2d 214; State v. Cipolla, Mo.App., 437 S.W.2d 162.

The judgment of dismissal is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

TITUS, C. J., and HOGAN, J., concur.

---

1. Thus, the operator of a *bicycle* on a public highway in Missouri is required to exercise only ordinary care. Van Brunt v. Meyer, Mo.App., 422 S.W.2d 364, 368–369(1).