THE STATE ex rel. JOHN E. DOLMAN, Appellant and Respondents, v. C. E. DICKEY, et al., Respondents and Appellants.

Division Two, May 26, 1921.

1. **SECOND APPEAL: Reconsidering Former Ruling: No Bill of Exceptions: Record Proper.** In a mandamus suit to compel the issuance to relator by the authorities of a city of the first class of certain special tax-bills for the cost of certain public improvements, where the Supreme Court, on the first appeal, had reversed the judgment and remanded the cause with directions to the circuit court to try a certain issue, the petition and writ to be considered as amended so as to deal alone with that issue, and on a second appeal by relator it appeared that the trial court followed the mandate of the Supreme Court on the re-trial and rendered judgment for relator for all he claimed, and relator filed no motion for a new trial, or in arrest and no bill of exceptions, but merely an affidavit for an appeal, the only thing before the Supreme Court on relator's appeal is the record proper; and it appearing that the judgment gave him all he claimed, relator is in no position to ask a re-consideration of the ruling of the first appeal.

State ex rel. Dolman v. Dickey.

2. ———: ———: ———: ———: **Proper Procedure.** The Supreme Court, in a few cases and when properly presented, on a second appeal, has reconsidered its former ruling, but such practice is an exception to the general rule, and is not to be encouraged; and before such reconsideration will be made, it must appear on the second appeal, that on the re-trial evidence was introduced as in the first trial, instructions asked, and motion for new trial and bill of exceptions filed, and the whole record must be brought before the Supreme Court on the second appeal in an orderly and regular way showing that all the matters complained of were again before the court for its consideration.

3. **PUBLIC IMPROVEMENTS:** Severable Contract: Distinct Classes of Work: Distinct Prices: Mandamus. Where a contract was let by a city of the first class for certain public work on a public street, consisting of the construction of sidewalks, the taking up and resetting of curbing, the construction of curbing and driveways, and also the paving of the roadway, and separate and distinct prices were specified in the contract for each different kind of work, the contract was severable; and if the contractor complied with the contract as to one or more of the different classes of work, but not as to the others, he was entitled to be paid for the work which conformed to the contract and to have special tax bills issued therefor; and the issuance of such tax-bills can be enforced by mandamus.

Cross-Appeals from Buchanan Circuit Court.—*Hon. Thomas B. Allen,* Judge.

AFFIRMED.

*John E. Dolman* for relator.

(1) The constitutionality of Section 8840, R. S. 1909, as construed by this court in its opinion of the first appeal of this case, was not raised or passed upon in that case and therefore, upon that question, the decision of this court therein does not operate as an estoppel. State ex rel. St. Joseph Water Co. v. Eastin, 213 S. W. 59. (a) While in the absence of cogent or convincing reasons shown this court on a second appeal will not open up and reconsider questions adjudicated upon a former appeal, yet where such reasons are clearly shown,

and especially where the former ruling inadvertently so construed a statute as to make it unconstitutional or overruled some sound and well settled principle of constitutional law, such as was done by this court on the former appeal of this case, this court will have no hesitancy whatever in overruling the former decision and reexamining on the second appeal. Russell v. Railway, 242 Mo. 21; National Bank v. Donnell, 195 Mo. 570; Machinery Co. v. Ramlose, 237 Mo. 527; Gracey v. St. Louis, 221 Mo. 1; Paget v. Smith, 205 Mo. 125; Wilson v. Railroad, 123 Mo. 131; Bird v. Sellers, 122 Mo. 32; Boone v. Shackelford, 66 Mo. 497; Hamilton v. Marks, 63 Mo. 172; Chambers v. Smith, 30 Mo. 158; Bealey v. Smith, 158 Mo. 522-3. (2) In holding and deciding that Section 8840, R. S. 1909, gave the Board of Public Works exclusive jurisdiction to decide all questions as to the proper construction of the work and the meaning of contracts, renders said statute unconstitutional in that it deprives appellant of its property without due process of law and of the equal protection of the laws in violation of the 14th Amendment of the United States Constitution. Ohlmann v. Sawmill Co., 222 Mo. 66; Womach v. St. Joseph, 201 Mo. 482; Jones v. Yore, 142 Mo. 44; Wilcox v. Yore, 142 Mo. 44; Wilcox v. Phillips, 260 Mo. 664. (a) "The guarantees of due process require that all administration proceedings affecting property rights shall be subject to review in the courts and a judicial determination made on notice and a hearing." 12 Corpus Juris, 1241, cases cited; Ry. Co. v. State, 134 U. S. 457, 33 L. Ed. 970; Smyth v. Ames, 169 U. S. 466, 42 L. Ed. 819; Ry. Co. v. Tompkins, 176 U. S. 173, 44 L. Ed. 420; Hager v. Reclamation Dist., 111 U. S. 708. (b) Law in its regular course of administration through the courts of justice is due process and only when this is secured by the law of the State is the constitutional requirement satisfied. Leeper v. Texas, 139 U. S. 468; Ry. Co. v. Iowa, 160 U. S. 389. (3) In holding and deciding that the finding of the Board of Public Works that the contract in question

had not been substantially complied with was conclusive upon the contractor allows the city to take his property for a public use without compensation, contrary to Sec. 21, Art. 2, Mo. Const., and deprives him of his property without due process of law, contrary to Sec. 30, Art. 2, Mo. Const., and contrary to the fourteenth Amendment of the United States Constitution. Railway v. Chicago, 166 U. S. 226. (a) "Where the taking is under an administrative regulation the defendant must not be denied the right to show that as a matter of law the order was so arbitrary, unjust or unreasonable as to amount to a deprivation of property in violation of the fourteenth Amendment." State v. Ry. Co., 224 U. S. 524. (4) In holding and deciding that the finding of the Board of Public Works that the contract in question had not been substantially complied with was conclusive upon the contractor and that he had no right to have that question judicially determined in a court of justice deprives him of the right guaranteed to him under Sec. 10, Art. 2, Mo. Const. Cement Co. v. Cas. Co., 225 Mo. 22; Asphalt Co. v. Ridge, 169 Mo. 387; State ex rel. v. Smith, 177 Mo. 69; Construction Co. v. Coal Co., 205 Mo. 62. (a) It is the exclusive province of the courts to construe the meaning of contracts, and plaintiff was entitled to show that the Board of Public Works misconstrued the contract. Williams v. Railway, 112 Mo. 493; Scott v. Realty Co., 241 Mo. 128. (b) Whether or not there was a "substantial compliance" with the contract was a judicial question to be determined by the courts upon a disagreement of the contracting parties over that issue. Boyer v. Kansas City, 205 S. W. 874; Mullaly v. Greenwood, 127 Mo. 138; Berthold v. Const. Co., 165 Mo. 280.

*A. F. Lindsay,* City Counselor, and *C. W. Meyer,* Assistant City Counselor, for defendants.

(1) Under the contract by virtue of which the work in question was done, tax bills cannot be issued for only

a portion of the work. (a) The contract itself provides that, tax bills were not to be issued until the work had been fully completed, according to specifications and to the satisfaction of the Board of Public Works. (b) According to the following authorities the contract in this case is not severable. McGowan v. United States, 35 Ct. Cl. 606; Broxton v. Nelson, 103 Ga. 327, 30 S. E. 38; 13 C. J. 562, 563.

RAILEY, C.—On November 8, 1916, relator filed, in the Circuit Court of Buchanan County, Missouri, a petition for mandamus to compel respondents to issue and deliver to him certain tax bills, to pay for the construction of pavement on a street in St. Joseph, Missouri, a city of the first class. The relator is the assignee of the Standard Construction Company, the contractor in performance of the work. Respondents made return and the circuit court aforesaid, after hearing the evidence, found the issues in favor of relator and granted a peremptory writ. Said defendants, in due time, appealed the cause to this court. Upon a hearing of the case, we reversed it outright, as shown in the opinion of Commissioner White, reported in 219 S. W., at pages 363 and following. Relator filed in this court a motion for re-hearing. In support of said motion, this court was requested to hold, that the contract mentioned in petition was severable, and that the work on the *sidewalk* and *curbing* mentioned therein, was substantially complied with, etc. Thereupon, *at the instance of relator* (219 S. W. 368), the opinion of Commissioner WHITE was *modified* and the cause *remanded,* in order that the trial court might ascertain whether the construction of the curbing and sidewalk was in accordance with said contract, and could be separated from the paving, in determining the price to be paid for same, etc. The motion for re-hearing, after said modification, was thereupon overruled. Upon the filing of the opinion and mandate of this court in the

circuit court aforesaid, the latter proceeded to dispose of the case upon the petition and return aforesaid under the directions of this court for the purposes aforesaid.

It appears from *defendants'* bill of exceptions herein that relator, in the re-trial of the case, offered *in evidence the bill of exceptions and record in the case made up at the former trial.* Other evidence was offered by relator in support of his contention.

On March 29, 1920, the circuit court entered the following judgment after said re-trial:

"Now on this day comes the plaintiff by John E. Dolman its attorney and also come the defendants, by C. W. Meyer, their attorney and the mandate and opinion of the Supreme Court in said cause, remanding the same to this court for further proceedings with reference to the sidewalk, curb, and driveways, having been filed and the said cause in accordance with said opinion, now coming on to be heard and the record upon the former trial of this cause, the bill of exceptions and the original contract having been introduced in evidence and the court having heard the arguments of counsel and being fully advised in the premises, finds that the sidewalks, curbing and driveways can be separated from the paving of the roadway and that the prices therefor are different from the price charged for said driveway, to-wit: For all curbing taken up and reset per linear foot, fifteen cents. For new (artificial concrete stone) curbing furnished and set per linear foot, forty-four cents. For (artificial concrete stone) sidewalk per square foot, fourteen cents and for concrete driveways per square foot, twenty cents.

"And the court further finds that all of said sidewalks, curbing and driveways were constructed in accordance with the contract and that plaintiff is entitled to have tax bills issued therefor according to the terms of said contract, but that under said decision of the Supreme Court, plaintiff is not entitled to have tax

288 Mo.—7

bills issued in payment for the paving of the roadway provided for in said contract.

"IT IS THEREFORE ordered, considered and adjudged that a peremptory writ of mandamus issue against said defendants and against the Board of Public Works of the City of St. Joseph as now constituted and the City Engineer of said city, commanding them to issue and deliver tax bills to said John E. Dolman, relator herein, for all sidewalks, curbing and driveways constructed under said contract, in accordance with the prices contained therein and that the City Engineer certify, authenticate and sign the same to the end that the same may be established as a lien against the several pieces and parcels of land liable for such improvement.

"That plaintiff have and recover interests on said tax bills at the rate of 8% per annum from the date of his demand therefor, to-wit, January 27, 1915, and that said relator have and recover of said defendants his costs in this behalf expended and hereof let execution issue."

On April 2, 1920, *defendants* filed a motion for a new trial, which was overruled on April 14, 1920. Defendants, in due time and in a proper manner, appealed to this court.

*Relator filed no motion for a new trial, nor did he file any motion in arrest of judgment.* He filed an affidavit for appeal on April 24, 1920, and took leave to file a bill of exceptions during the May term, 1920, of said court.

Relator's affidavit for appeal, which was sustained, reads as follows:

"Comes now the relator, John E. Dolman, in the above entitled cause, and moves the court for an appeal to the Supreme Court of the State of Missouri. John E. Dolman, being first duly sworn on his oath states that he is the relator in the above entitled cause and that this appeal is not made for vexation or delay, but

because he believes himself aggrieved and injured by the judgment of the court in this cause.

"J. E. DOLMAN.

"Subscribed and sworn to before me this 16th day of April, 1920," etc.

The *respective appeals* will be disposed of separately in the opinion.

1. Relator insists, that on the record aforesaid, he is entitled to have this court *re-consider,* the law of the case as declared in the opinion of Judge WHITE. It is true, that the Supreme Court, in a *few* cases, when properly presented, has reconsidered its former ruling on the second appeal, but such prac-

Second Appeal: No Bill of Exceptions Record Proper.

tice is an exception to the general rule, and is not to be encouraged. According to our conception of the law, relator is in no position to ask at our hands a re-consideration of the former ruling, denying the writ of mandamus, for he is here, without any record upon which that matter can be considered.

We *remanded* the original case, at the instance and request of relator, in order to give him a chance to recover tax bills for the *curbing and sidewalk,* if the trial court should find that the contract was severable, etc. The *jurisdiction* of the circuit court upon a re-trial of the case, was *limited* solely to the above *issue.* In granting relator's request for a re-trial of the above matter, it was upon the theory, that the petition and writ were to be *considered* as amended, so as to deal *alone* with the above issue. Both court and counsel proceeded in the second trial upon this theory, as shown by the proceedings and judgment rendered. The record *proper,* then, in the *second* trial, consisted of the petition and writ as amended, the return of defendants, and the judgment heretofore set out. As shown by the record, relator offered testimony upon the re-trial of the case and, *after judgment was rendered in his favor, upon the issues thus presented,* he filed no motion for a new

trial or in arrest of judgment, but simply filed the affidavit for appeal heretofore mentioned, and has sought to bring the case here without the evidence, or without any matters of exception, which may have occurred during the progress of the trial. It has long since become elementary law in this State, that in the absence of a motion for a new trial, and in arrest of judgment, nothing but the record proper, can be considered by the appellate court. [State v. Griffin, 98 Mo. l. c. 674-5; State v. Wray, 124 Mo. l. c. 542-3; State v. Handley, 144 Mo. l. c. 118-9; State v. Revely, 145 Mo. 660; Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. l. c. 449; Gilchrist v. Bryant, 213 Mo. 442; Groves v. Terry, 219 Mo. 595; State ex rel. v. Adkins, 221 Mo. l. c. 120; Hays v. Foos, 223 Mo. 421; Betzler and Clark v. James, 227 Mo. 375; St. Louis v. Henning, 235 Mo. 44; Blanchard v. Dorman, 236 Mo. 416-7; Realty Co. v. Brewing Co., 247 Mo. 29; Haggerty v. Ruth, 259 Mo. 221; McKee v. Donner, 261 Mo. 378-9; Case v. Carland, 264 Mo. 463; State ex inf. v. Morgan, 268 Mo. l. c. 271; Tracy v. Tracy, 201 S. W. 902; Pennewell v. Pennewell, 204 S. W. 183; Hoskins v. Nichols, 213 S. W. 838; State v. Baugh, 217 S. W. l. c. 280.]

Numerous other authorities in this State, to the same effect, can be found reported.

The petition and writ, considered as amended, the return of defendants', *considered* as amended to correspond with same, and the judgment entered on the second appeal, constitute the record proper in this case, but not in the *former* proceedings. [State ex rel. Combs v. Staten, 268 Mo. l. c. 295-6, 187 S. W. l. c. 43-4.] As heretofore shown, there is nothing for review before us on relator's appeal, but the *record* proper and, having received all he asked for in this proceeding, he has no legal ground for complaint under the present appeal.

II. Relator's appeal is likewise without merit, for the obvious reason, *that he has appealed from a judg-*

State ex rel. Dolman v. Dickey.

*ment in his own behalf, without complain-*
Judgment for      *ing of any error in the trial.*  No judgment
Appellant.        was rendered against him in the trial court,
and he got all he claimed in the re-trial of the case.

III.  The authorities cited by relator for re-opening the original controversy, as he has attempted to do by simply filing an affidavit for appeal in the *second* trial, do not sustain his contention.  It will be found upon examination of the records in those cases where the original opinion was re-considered upon a *second* appeal, that on the *re-trial,* the evidence was introduced as in the first trial, instructions asked, motions for new trial filed, etc.  If the trial court *refused* to
———: Reconsidering  follow our ruling, there would be no
Original Opinion:
Proper Procedure.   necessity for a *re-consideration* of the case on appeal, but if it followed our ruling, then the complaining party might again appeal, and we would then determine whether the original judgment should stand.  In this orderly way of procedure, the trial court would not be *ignored·*in the proceeding, and the whole record would be before us on the *second* appeal for our consideration.

In support of this conclusion, we call attention to the leading case in this State of Hamilton v. Marks, 63 Mo. 170 and following, cited and relied upon by relator. The case was formerly tried, and will be found reported in 52 Mo. at pages 78 and following.  On a *re-trial* of the case, evidence was heard, instructions asked, and the case was again *tried* as formerly.  This court then had before it, in the usual manner, the record and proceedings of the *second* trial, showing that the matters complained of were again before this court for its consideration.

We are not aware of any rule of legal procedure in this State, by which relator can have the *original* judgand proceedings herein *re-considered,* as he has attempted to do in this case, *on appeal from a judgment in his own favor, and that too, by ignoring the trial court,*

*and failing to produce for our consideration, the evidence and other proceedings had before the trial court.*

IV. Judge White's opinion (219 S. W. 363 and following), contains a very full statement of the facts, as they were presented in the original trial and, hance, it is not necessary to encumber *this* record with a reproduction of same. The evidence adduced by relator at the *second* trial, was amply sufficient to sustain the judgment rendered in the present case, if the *contract* can be construed as authorizing the *severance* made by the trial court in its judgment. We have examined the authorities cited by defendants in support of their contention, that the contract in controversy is not *severable,* yet we do not think the weight of authority is with the defendants, respect to this matter. In our opinion, the principle of law which should apply in a case of this character, is very clearly and forcefully stated, in Amsler v. Bruner, 173 Ill. App. 337-8, as follows:

Public Improvements: Severable Contract.

"If the part of a contract to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed or is left to be implied by law, such a contract is in general severable, and the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, though the latter in its nature is single and entire."

The principle of law above announced is supported by the following authorities: Keeler v. Clifford, 165 Ill. 544; Siegel v. Eaton & Prince Co., 165 Ill. 550; Barlow Mfg. Co. v. Stone, 200 Mass. 158, 160-1; Dibol & Plank v. W. & E. H. Minott, 9 Iowa, 403; Pierson v. Crooks, 115 N. Y. l. c. 554-5; Wooten v. Walters, 110 N. C. l. c. 255; Williams v. Robb, 104 Mich. 242, 246-7; 2 Parsons on Contracts (9 Ed.), sec. 4, pp. 672-3-4; Hammon on Contracts, sec. 463, p. 907; 13 Corpus Juris, sec. 528, par. 4, p. 563; 7 Am. & Eng. Ency. of Law (2 Ed.), par.

4, p. 95; 3 Elliott on Contracts, sec. 2046, pp. 229-30-31, and cases cited.

The rulings of our appellate courts upon kindred questions, while not directly in point, are in line with the law as declared in above authorities. [Neil v. Ridge, 220 Mo. 233-257;  Porter v. Construction Co., 214 Mo. l. c. 18;  Haag v. Ward, 186 Mo. 325, 348;  Reinert Bros. Const. Co. v. Whitmer, 206 S. W. l. c. 388; City of Maryville v. Cox, 181 Mo. App. l. c. 263-4; Joplin ex rel. v. Freeman, 125 Mo. App. 717, 722; City of Marionville to use v. Henson, 65 Mo. App. 397.]

It does not appear from the record before us, that defendants are liable to sustain any loss or damage should the judgment below be enforced. In our opinion, the ends of justice will best be subserved, by overruling defendants' contention.

V.   In view of the conclusions heretofore reached, the judgment of the trial court, as to relator and defendants, is hereby affirmed. *White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.