STATE OF KANSAS at Relation and to Use of WINKLE TERRA COTTA COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.—40 S. W. (2d) 1050.

Division Two, July 3, 1931.

*Eugene S. Quinton, W. Frank Carter, William T. Jones* and *John R. Turney* for appellant.

*Harry E. Sprague* and *Franklin Miller* for respondent.

WESTHUES, C.—This is the second appeal in this case, the former opinion being reported in 322 Mo. 121, 14 S. W. (2d) 576.

The State of Kansas is a nominal party plaintiff. The real party plaintiff, the Winkle Terra Cotta Company, a corporation, brought this suit on a contractor's bond for the balance due for materials furnished for the construction of a building. Olson & Johnson Company, a corporation, was the principal in the bond. The name was later changed to Olson-Magee Company. The defendant, United States Fidelity & Guaranty Company, was surety on this bond.

The State of Kansas entered into a contract with Olson & Johnson Company for the erection of a certain building at Lawrence, Kansas. Plaintiff was a subcontractor and furnished the terra cotta. The Kansas statute provided in part (Sec. 60-1414, R. S. Kan. 1923): ":Any person to whom there is due any sum for labor and material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness; *Provided*, That no action shall be brought on said bond after six months from the completion of said public improvements or buildings." The cause of action is based on plaintiff's contract, the bond and the Kansas statutes. [Secs. 60-1413, 60-1414, R. S. Kan. 1923.] For a full and complete statement of the case, the reader is referred to the former opinion. It is tacitly admitted in this case that the Winkle Terra Cotta Company was a subcontractor under Olson & Johnson Company, and furnished the material as alleged in the petition under a contract with the original contractor Olson & John-

son and that the amount sued for has not been paid. No evidence was offered at either the first or second trial by defendant to dispute plaintiff's claim. In the answer it is expressly admitted that the plaintiff furnished the material between March 6th and October, 1918. The answer further alleges that the building was completed December 2, 1918, and the state architect made his final monthly estimate of the completion of the said building on January 14, 1919. The suit was filed October 22, 1919. The defendant pleads the Kansas statute of limitations, supra, as a bar to this action. It is also pleaded in the answer that under the Kansas laws the plaintiff is not entitled to and has no right to sue in the name of the State. The defendant pleads in full the Kansas statute and decisions applicable to the issues according to defendant's theory.

At the first trial, judgment was entered for defendant apparently on the theory that the building was completed prior to January 14, 1919, the date of the final estimate of the state architect. The lower court held the case barred by virtue of the Kansas limitation statute, Section 60-1414, supra.

The case on appeal was reversed and remanded in an opinion written by Commissioner Higbee and concurred in by all of the judges and commissioners in Division Two of this court.

The case was retried before the court sitting as a jury, a jury having been waived by both parties. Plaintiff offered evidence of the furnishing of the materials and of the balance due and unpaid, also the contract entered into with Olson & Johnson, and in general offered evidences in support of the allegations of its petition. The court found in favor of the plaintiff and entered judgment for $32,275.31 and interest $21,961.86. The defendant, failing in his motion for a new trial, appealed.

The issues raised by the answer in this case are identical with those disposed of on the former appeal. During the second trial no new issues were presented to the court that were not fully considered and disposed of in the former opinion.

We are not authorized to disturb the rulings in the former opinion unless we find it manifestly erroneous, or that an injustice has been done. [Northstine v. Feldmann, 8 S. W. (2d) ·912.] The circuit court on the retrial followed the rulings in the former case, which became and is the law of the case. Those questions therefore adjudicated in the former opinion are not open for re-examination on this appeal. [Chambers' Admr. v. Smith's Admr., 30 Mo. 156; Mullins v. Mt. St. Mary's Cemetery Assn., 168 S. W. 685, 259 Mo. 142; State ex rel. Dolman v. Dickey, 231 S. W. 582, 288 Mo. 92; Seibert v. Harden, 8 S. W. (2d) 905, 319 Mo. 1105; Gracey v. St. Louis, 221 Mo. 1; Bagnell v. Railway, 242 Mo. 1. c. 21. For other cases see Mo. Digest, Appeal and Error, sec. 1097.]

The defendant earnestly insists, however, that the full-faith-and-credit clause of the Federal Constitution was violated or ignored by the court in the former opinion and in the second trial. [Art. 4, sec. 1.] This is a new question in the case. The principal point in the entire case is the date of the completion of the building. The defendant's theory is that the final report of the state architect is conclusive evidence of the completion of the building, and that the building was actually completed prior to January 14, 1919. The plaintiff's theory is the converse. Referring to the former opinion we find that this question was fully considered and discussed at length at pages 580, 581 (1), 14 S. W. (2d). We further find that in the determination of this question, adverse to the defendant, the learned commissioner cited and applied the rules of law as announced by the Kansas courts in similar cases, construing the various statutes now under consideration. [Hull v. Mass. Bonding & Ins. Co., 86 Kan. 342, 345, 120 Pac. 544, 545; State of Kansas v. Mass. Bonding & Ins. Co., 91 Kan. 75, 136 Pac. 905.] The determination of this question was therefore in accordance with the *lex loci,* the laws of Kansas.

The next contention of the defendant is that plaintiff could not maintain this action in the name of the State of Kansas, in that state. That the *lex loci,* and not the *lex fori,* controls in this regard. Therefore, plaintiff's action should be dismissed. After a careful consideration of this question the former opinion holds that the *lex fori* and not the *lex loci* governs. The Missouri statute, Section 2855, Revised Statutes 1929, provides that all suits on official bonds must be brought in the name of the State or other obligee named in the bond. The Kansas law requires the suit to be brought in the name of the real party in interest, and not the state. The manner of bringing the suit, as in this case, whether properly brought in the name of the obligee named in the bond, or the real party in interest, pertains to the form of the remedy and does not go to the substance of the action. It is therefore controlled by the *lex fori.* Such is the uniform ruling of the various courts. [Hefferlin v. Sinsinderfer, 2 Kan. 401; 47 C. J. 17, and cases cited; 12 C. J. 483, 485, and cases cited.]

The defendant also contends that the Kansas statute of limitations should govern. The former opinion holds the contrary. This, however, is a moot question in the case. It was definitely determined against defendant's contention that the building in question was not completed prior to August, 1919. The suit was brought October 22, 1919. That is within the period prescribed by the Kansas statute. The question then of applying the Missouri or Kansas statute of limitations becomes immaterial. The

general rule is that the statute of limitations of the *lexi fori* governs. [12 C. J. 485.] The exception to this rule is where a statute creates a cause of action, and in the same section or statute limits the time in which the action may be brought. Then the *lex loci* controls on the theory that the limitation forms a part and parcel of the right of action. [12 C. J. 485, note 82; 25 Cyc. 1021.] The correctness of the former opinion on this point is questionable. The limitation of the six months' period in which suit must be brought by the Kansas statute supra, is found in the same section granting a subcontractor the right to bring a suit on the bond. Since the suit was brought within the time prescribed by the Kansas statute, and the former opinion so decided, the plaintiff is not barred by either the *lex loci* or *lex fori*.

The contention with reference to the completion of the building was decided adversely to defendant, in a suit on the bond here in question, by a subcontractor in the case of United States Fidelity & Guaranty Company v. Jaeger Mfg. Co., 1 Fed. (2d) 975 decided by the Circuit Court of Appeals, Eighth Circuit, September 25, 1924. The contention therefore of the defendant that the full-faith-and-credit clause of the Federal Constitution was violated in the former opinion, and on a retrial of this case, is without merit.

The courts have much labor before them. It seems it ought to be sufficient if a task is once well done. The issues in this case were correctly disposed of by this court in the former opinion. They should not be rehearsed again. Appellant does not contend that the trial court did not try the case in conformity with the previous opinion.

The judgment is therefore affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.