**Beatrice D. TOOMES, Plaintiff-Appellant,**

v.

**CONTINENTAL OIL COMPANY, a Corporation, and Fred Berry, Defendants-Respondents.**

No. 51525.

Supreme Court of Missouri,
Division No. 1.

April 11, 1966.

Motion for Rehearing or to Transfer to
Court En Banc Denied May 9, 1966.

Alfred B. Couch, Terrance W. Imes, Kansas City, for appellant.

Hale Houts, Thad C. McCanse, Houts, James, McCanse & Larison, Kansas City, for respondents.

WELBORN, Commissioner.

This is an appeal by plaintiff below from a judgment dismissing her petition seeking $25,000 damages for the wrongful death of her husband.

Plaintiff's husband, a resident of Missouri, received injuries in the State of Kansas on August 18, 1959, which resulted in his death on August 22, 1959. On February 20, 1960, an action for his wrongful death was brought in the Jackson County Circuit Court against defendants here. On November 9, 1961, plaintiff dismissed that cause, without prejudice. On October 1, 1962, the petition in this case was filed. Defendants' motion to dismiss on the grounds that the cause was barred by the 2-year limitation provision of the Kansas Death Act, § 60–3203, Kan.G.S., 1949, was sustained by the trial court. This appeal followed.

Plaintiff states her contention on this appeal as follows: "Plaintiff's action is brought under the Provisions of Section 60.3203 General Statutes of Kansas 1949. This section having been 'borrowed' [516.-190, RSMo 1959, V.A.M.S.] it becomes a Missouri statute, * * *. Being thus a Missouri statute by being borrowed, it fits exactly with Section 537.100 R.S.Mo.1959 and the appellant's cause of action is saved thereby." The saving provision of § 537.-100, RSMo 1959, V.A.M.S., according to plaintiff, is that which permits a new wrongful death action within one year from a nonsuit in a timely filed action. Plaintiff alternatively contends that the similar general saving provision of § 516.230, RSMo 1959, V.A.M.S., removes any bar of limitations.[1]

1. Plaintiff on this appeal has been content to rest upon the long-accepted distinction between substantive and procedural law as affording the proper basis of choice of law in this case. We, therefore, are not called upon to re-examine our long-

Plaintiff relies primarily upon Christner v. Chicago, R. I. & P. Ry. Co., 228 Mo.App. 220, 64 S.W.2d 752. In that case, plaintiff brought suit in Missouri to recover damages for personal injuries incurred in Kansas. A suit was brought in Missouri and removed to the federal court where a nonsuit was taken. Six days later, a second action was filed in Missouri. In the second action, the defendant interposed the defense of a Kansas 2-year statute of limitations, made applicable by our borrowing statute. The court held that the Missouri saving statute [now § 516.230] was effective and prevented the bar of the action by the Kansas 2-year statute. The court, in effect, held that the borrowing statute did make the Kansas statute of limitations the applicable statute of limitations. However, our borrowing statute did not interpose the foreign statute as an absolute bar. The effect of the borrowed statute was limited by applicable statutes in pari materia, including the nonsuit saving statute. Therefore, the original action having been brought within the limits prescribed, the timeliness of the second action, within the saving period, was not affected by the fact that the Kansas statute had run at the time of the second action.[2]

A similar result was subsequently reached by the Supreme Court in Turner v. M-K-T R. Co., 346 Mo. 28, 142 S.W.2d 455, 129 A.L.R. 829. See also Wright v. New York Underwriters Ins. Co., D.C., W.D.Mo, 1 F. Supp. 663. In Turner, the court pointed out that the Kansas statute of limitations involved in that case was "a pure statute of limitations applicable to civil actions other than for the recovery of real estate (in other words, it does not *create* the causes of action but merely limits them) * * *." Such, also, was the nature of the statute of limitations involved in Christner.

established concepts in this field. Our courts have generally applied the distinction which plaintiff accepts. See Robinson v. Gaines, Mo.Sup., 331 S.W.2d 653; Russell v. Kotsch, Mo.Sup., 336 S.W.2d 405; Scott v. Jones, Mo.App., 334 S.W. 2d 742; Hall Motor Freight v. Montgomery, 357 Mo. 1188, 212 S.W.2d 748, 2 A.L.R.2d 1292. In recent years, courts of other jurisdictions have had occasion to re-examine the traditional concepts and some have concluded that they are unacceptable. See Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1; Kilberg v. Northeast Air Lines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526; Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W. 2d 408; Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796; Watts v. Pioneer Corn Company, 7th Cir., 342 F. 2d 617. § 379a of Tentative Draft No. 9 of the Restatement Second, Conflict of Laws, provides: "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless some other state has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter state will govern." The above-cited cases contain many references to the deluge of recent legal writings on this subject. For an application of the new concept to a problem of choice of statute of limitations for a foreign wrongful death claim see Gianni v. Fort Wayne Air Service, Inc., 7th Cir., 342 F.2d 621. (Plaintiff does not contend that her action is, in any event, limited by the Missouri 1-year provision.) Other courts have declined "to voyage into such an uncharted sea, leaving behind well established conflict of laws rules." Shaw v. Lee, 258 N.C. 609, 129 S.E.2d 288, 293; Oshiek v. Oshiek, 244 S.C. 249, 136 S.E. 2d 303; Friday v. Smoot, Del.Sup., 211 A.2d 594. See Robinson v. Gaines, supra.

2. According to the opinion in Christner, plaintiff was injured on September 4, 1929 and the first suit was not brought until February, 1932. If such were the facts, the first action would not have been timely and plaintiff could not have been saved by her second action within one year thereafter. See Note "When is a Foreign Cause of Action Barred by Limitations in Missouri?" 21 St.L.Law Rev. 43. However, "inquiry" is said to have revealed that the first suit in Christner " 'was filed within a few weeks after the cause of action arose, rather than two years and five months after it arose, as the reports show.' " Ibid., 254. Turner v. M-K-T R. Co., 346 Mo. 28, 142 S.W. 2d 455, 459, 129 A.L.R. 829, declared that Christner "was well decided."

Such is not, however, the nature of the limitation provision of the Kansas wrongful death statute, with which we are here concerned. The Kansas statute which created the right of action also limits the time for suit.

The Kansas Supreme Court has construed the 2-year limitation of its wrongful death act as "a condition imposed upon the exercise of the right of action granted." Rodman v. Missouri Pac. R. Co., 65 Kan. 645, 70 P. 642, 59 L.R.A. 704; Bowles v. Portelance, 145 Kan. 940, 67 P.2d 419. In Rodman, the Kansas Supreme Court further held that a general saving statute permitting a new action beyond the period of limitations, if filed within a year of a nonsuit in a timely filed action, was not effective in a wrongful death action.

Our courts have recognized the applicability of foreign "built-in" limitations to actions brought here. In Turner v. M-K-T R. Co., supra, the court stated: "The [limitations] law of the forum governs except where the foreign statute that imposes the limitation also creates the remedy." 142 S.W.2d 459. See also Carter v. Burns, 332 Mo. 1128, 61 S.W.2d 933, 941[11]; State of Kansas ex rel. and to Use of Winkle Terra Cotta Co. v. U. S. Fidelity & G. Co., 328 Mo. 295, 40 S.W.2d 1050, 1052[5, 6]; Farthing v. Sams, 296 Mo. 442, 247 S.W. 111, 112[1]; Williams v. St. Louis & S. F. Ry. Co., 123 Mo. 573, 27 S.W. 387, 390; Thomsen v. Mill, Mo.App., 248 S.W.2d 6, 9–10[2, 3]. "Where the statutory time requirement for the bringing of a death action is regarded, not as a mere limitation of the remedy, but as a condition precedent to the right of action or as a part of the substantive right of action itself, it has been held

that the time requirement is inherent in the right of action, and that in an action brought under a foreign statute, the foreign statute, rather than the statute of the forum, governs." 22 Am.Jur.2d, Death, § 282, p. 803; Annotation, 95 A.L.R.2d 1164.

In our opinion, the liability here sought to be enforced having been created by Kansas statute, the limitation period which it provided was directed to the right "so specifically as to warrant saying that it qualified the right." Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 694, 48 L.Ed. 1067. The limitation, "[t]he action must be commenced within two years," was found in § 60–3203, Kan.G.S., 1949, the section which gave the right of action for wrongful death at the time of the suits here.[3]

Application of such a foreign statute by the forum is not dependent upon a "borrowing" statute. The time for filing of the action being substantive, the forum applies it under general principles of conflicts of laws governing the application of substantive law. See Pack and Arsht v. Beech Aircraft Corp., 11 Terry 413, 50 Del. 413, 132 A.2d 54, 67 A.L.R.2d 207; Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 180 A.2d 129, 95 A.L.R.2d 1153.

Plaintiff suggests that, in any event, the nonsuit saving provisions of §§ 537.100 and 516.230, supra, are procedural provisions which the courts of this state should apply in this case. Without getting into the constitutional question which respondents assert would preclude the application of our saving statute to this right of action based upon Kansas law[4] and brought in our courts, we must determine whether or not

---

3. The Kansas legislature enacted a new code of civil procedure in 1963. Laws 1963, ch. 303. The new enactment places the death act limitation [§ 60–513] in the general limitation article [Article 5] and in the same section fixing a 2-year limitation for other actions. K.S.A. 60–513. Authority for actions for wrongful death now appears in Article 19, §§ 60–1901 to 60–1905, Ch. 303, Laws, 1963.

K.S.A. 60–1901—60–1905. We need not here consider whether such change would be significant if the new statute were applicable.

4. See Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211; Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492.

either of the saving provisions relied upon by plaintiff is applicable in these circumstances. As for § 537.100, that section, by its terms, applies to actions based upon Missouri law. In Lang v. J. C. Nichols Inv. Co., 227 Mo.App. 1123, 59 S.W.2d 63, the court found it so limited and, therefore, refused its application to a Kansas death action instituted more than one year after it arose. The statutory language which the court found to preclude application of § 537.100 to bar the Kansas action would also preclude application of its nonsuit saving provision to a Kansas action. The "any such action" in which a nonsuit permits a new action within one year is an "action instituted under § 537.080," or a Missouri wrongful death action.

§ 516.230, the general nonsuit saving section, applies to actions which "shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370 * * *." The limited application of this provision is attested to by our decisions, prior to the enactment of the nonsuit saving provision for wrongful death actions (Laws of Mo., 1905, pp. 137–138; Laws of Mo., 1909, pp. 463–464), that it was not applicable to such actions brought under the Missouri act. Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40. See Gerren v. Hannibal & St. J. R. R. Co., 60 Mo. 405, 411. In other words, § 516.230 is not a general procedural statute. Its application is limited to causes of action, limitations for which are prescribed by § 516.010 to § 516.370. See Frazee v. Partney, Mo.Sup., 314 S.W.2d 915. The only possible basis for concluding that this action is in any way limited by virtue of one of such sections would be by way of the borrowing statute. We have previously demonstrated its inapplicability. (We consider what was said in such regard to the contrary in Lang v. J. C. Nichols Inv. Co., supra, dictum. The only thing decided in that case was the inapplicability of the Missouri statute of limitations.)

The trial court properly sustained the motion to dismiss. The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.