Stephen McDONALD, Plaintiff–Appellant,

v.

Russell WARD, Defendant Ad Litem for
Thomas R. Johnson, Deceased,
Defendant–Respondent.

No. 20303.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1996.

Motion for Rehearing and Transfer to
Supreme Court Denied March 14, 1996.

Paul G. Taylor, Myers, Taylor & Whitworth, P.C., Joplin, for appellant.

Michael D. Talley, Thomas & Talley, Joplin, for respondent.

PREWITT, Presiding Judge.

Plaintiff sought damages for wrongful death as the result of the death of his son, Regan L. McDonald, following a motor vehicle collision. Defendant filed a motion to dismiss and the trial court sustained the motion, dismissing Plaintiff's petition. Plaintiff appeals.

"In reviewing such a dismissal, this court assumes every fact pleaded in the petition as true and takes every favorable inference in favor of plaintiff which may reasonably be drawn from the facts pleaded." *Cuba's United Ready Mix, Inc. v. Bock Concrete Foundations, Inc.*, 785 S.W.2d 649, 650 (Mo.App.1990). "If the facts pleaded and the reasonable inferences to be drawn show any ground that would entitle plaintiff to relief, the petition should not have been dismissed." *Id.*

In determining whether the trial court correctly ruled on Defendant's motion, we consider only the contentions briefed by Defendant–Respondent. *See BCCLW/Casey, Inc. v. S.O. Gillioz Partners, Inc.*, 783 S.W.2d 174, 175 (Mo.App.1990).

Plaintiff's petition alleged that his son was killed in an automobile collision on April 8, 1989, in Cherokee County, Kansas. The petition at issue here was filed on February 17, 1995. Previously Plaintiff had filed a similar, if not identical, suit on April 5, 1991. That action was dismissed without prejudice for failure to prosecute on February 23, 1994.

In granting Defendant's motion to dismiss, the trial court found that the Kansas wrongful death statute applied;[1] that Missouri's borrowing statute, § 516.190 RSMo1994 required the use of the Kansas statute of limitation; and the Kansas saving statute, K.S.A. § 60–518 applied. The latter section requires the refiling of a suit within six months after dismissal to prevent the statute of limitations from barring an action, whereas Missouri's § 516.230, RSMo1994, allows one year.[2] As the action was not refiled within six months, the trial court determined it was barred.

Although neither party questions the procedure resulting in dismissal here, we initially note that attempting to apply the most significant contacts rule, as initially set forth in Missouri in *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969) is difficult at best, but more so when an action is dismissed on a motion to dismiss. Summary judgment may well have provided a more practical remedy. This is illustrated by both parties' reference to facts which apparently exist but are not in the pleadings or otherwise shown in the record except for discussion by counsel and the court at a hearing on the motion to dismiss. However, it is not necessary to determine whether the law of Missouri or the law of Kansas applies, as a Missouri savings statute of one year, not the Kansas savings statute, would be applicable in either event.

1. K.S.A. § 60–1901. Cause of Action.

If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased.

2. K.S.A. Section 60–518. New action, when.

If any action be commenced within due time, and the plaintiff fails in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff dies and the cause of action survives, his or her representatives may commence a new action within six months after such failure.

3. **516.190. Limitations on actions originating in other states.**—Whenever a cause of action has

If Missouri law applies to the wrongful death action, § 537.100, RSMo1994, would prevent this action from being barred by limitations, as it allows a wrongful death action to be refiled "within one year." If Kansas law is applicable, then Missouri § 516.230 applies. Our basis for the latter determination follows.

The Missouri borrowing statute, § 516.190, RSMo1994, makes the statute of limitation of the state in which the action originated applicable, but does not prevent a savings statute of Missouri from applying. The effect of the borrowing statute is to make the foreign statute of limitations come within §§ 516.010 to 516.370, RSMo1959, the sections affected by the savings statute. *See Toomes v. Continental Oil Co.*, 402 S.W.2d 321, 322 (Mo. 1966), and cases therein discussed. Those sections, 516.190 and 516.230, are set forth marginally.[3]

*Toomes*, however, found that because Kansas at the time relevant there had a "built-in" limitation in its wrongful death act the Missouri "borrowing statute" did not apply, as it is not a general procedural statute, but applies only to certain sections. Included within the application of the saving statute is § 516.300, RSMo1994, which states:

**516.300. Actions otherwise limited.**— The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be

been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

**516.230. Further savings in cases of nonsuits.**—If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him.

brought within the time limited by such statute.

As noted in *Toomes,* however, the Kansas wrongful death act limitation no longer is a part of that act, but is covered in the general limitation article.[4] Therefore, § 516.300 is not applicable. If Kansas law applies, the Missouri savings statute § 516.230, a procedural statute but not a general procedural statute (see *Toomes,* 402 S.W.2d at 324), applies. That being so, the statute of limitations has not run, as the action was refiled within one year.

The judgment dismissing the petition is reversed and the cause remanded for further proceeding.

SHRUM, C.J., and PARRISH, J., concur.

---

4. The Kansas legislature enacted a new code of civil procedure in 1963. *Laws* 1963, Ch. 303. The new enactment places the death act limitations [§ 60–513] in the general limitation article [Article 5] and in the same section fixing a 2–year limitation for other actions. K.S.A. 60–513. Authority for an action for wrongful death now appears in Article 19, §§ 60–1901 to 60–1905, Ch. 303, *Laws,* 1963. K.S.A. 60–1901—60–1905. *Toomes,* 402 S.W.2d at 324.