

# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| PORTIA MCMILLAN, | ) | No. ED104321 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| PILOT TRAVEL CENTERS, LLC, | ) | Hon. Michael T. Jamison |
| | ) | |
| Defendant/Respondent. | ) | FILED: November 15, 2016 |

## OPINION

Portia McMillan appeals the judgment of the trial court dismissing her tort action as untimely. We reverse and remand.

## Background

This lawsuit involves an action filed by Appellant Portia McMillan for injuries she allegedly sustained on October 23, 2013 in Louisiana. McMillan's first action was filed in Missouri on June 13, 2014, within the Louisiana one-year statute of limitations.[1] On November 16, 2015, McMillan voluntarily dismissed her first lawsuit without prejudice in accordance with R.S.MO. § 516.230, commonly referred to as the Missouri saving statute, which allows a plaintiff to re-file her lawsuit within one year after voluntary dismissal. On December 14, 2015, McMillan re-filed her lawsuit. This re-filed lawsuit is the subject of this appeal.

---

[1] Louisiana requires tort actions to be filed within one year. La. Civ. Code art. 3492. Neither party disputes that Louisiana's general statute of limitations for tort actions applies, nor that Appellant timely filed her initial lawsuit.

1

Pilot Travel Centers, LLC (Pilot) filed a motion to dismiss arguing that McMillan's re-filed lawsuit was time-barred under the Louisiana statute of limitations and relevant tolling provisions. Pilot argued that Louisiana law required a plaintiff who voluntarily dismissed her lawsuit without prejudice to re-file her action within the Louisiana one-year statute of limitations. McMillan failed to do so, which Pilot argued barred her re-filed action under Louisiana law. The trial court agreed and granted the motion to dismiss. We reverse the trial court's judgment for the reasons set forth below and remand the matter for further proceedings.

**Standard of Review**

Appellate review of a trial court's grant of a motion to dismiss is *de novo.* Summer Chase Second Addition Subdivision Homeowners Ass'n v. Taylor–Morley, 146 S.W.3d 411, 415 (Mo. App. E.D. 2004). In reviewing the trial court's dismissal of a petition, we view the facts in the light most favorable to the plaintiff, treating the facts alleged as true, to determine whether the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. K.G. v. R.T.R., 918 S.W.2d 795, 797 (Mo. banc 1996). If it appears from the petition that the cause of action is barred by the statute of limitations, a motion to dismiss on that ground is properly sustained. Klemme v. Best, 941 S.W.2d 493, 497 (Mo. banc 1997). The determination of whether a statute of limitations applies to bar a cause of action is a question of law. Harris–Laboy v. Blessing Hosp., Inc., 972 S.W.2d 522, 524 (Mo. App. E.D. 1998).

**Discussion**

McMillan argues that the trial court erred when it granted Pilot's motion to dismiss because the plain language of Missouri's saving statute allowed her to voluntarily dismiss her first lawsuit without prejudice and re-file it within one year. McMillan relies on the precedent established by Christner v. Chicago, R. I. & P. Ry. Co., 64 S.W.2d 752 (Mo. 1933), Turner v. Missouri-Kansas-

Texas R. Co., 142 S.W.2d 455 (Mo. 1940), and Toomes v. Continental Oil Co., 402 S.W.2d 321 (Mo. 1966). McMillan argues these cases establish that when a foreign jurisdiction's statute of limitations is borrowed under the Missouri borrowing statute, the Missouri saving statute applies.

Pilot responds that under the Missouri borrowing statute and precedent established by Thompson v. Crawford, 833 S.W.2d 868 (Mo. 1992), a Missouri court must use Louisiana's statute of limitations *and* tolling provisions. Louisiana law does not provide plaintiffs with a grace period for re-filing a lawsuit or, in other words, Louisiana does not have a saving statute akin to that found in Missouri. Rather, when a plaintiff voluntarily dismisses her lawsuit, she must re-file her action within the original statute of limitations period or her action will be barred. See La. Civ. Code art. 3463. Therefore, Pilot argues the re-filed lawsuit was barred under Louisiana law and the Missouri saving statute did not apply to allow McMillan's re-filed lawsuit to proceed. We disagree with Pilot.

The legislative mandate of the Missouri borrowing statute is clear: "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, *brought* in any of the courts of this state." R.S.Mo. § 516.190 (emphasis added). The Missouri saving statute is equally clear and provides: "If any action shall have been *commenced* within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer[s] a nonsuit … such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered ..." R.S.Mo. § 516.230 (emphasis added). It is undisputed that the Louisiana one-year statute of limitations applies to McMillan's action. However, the parties dispute whether the plain language of the Missouri saving statute applies to "save" McMillan's re-filed cause of action, which was filed after McMillan voluntarily dismissed her first lawsuit without prejudice. McMillan argues the Missouri

3

saving statute applies to her first lawsuit, which was timely filed, thereby allowing McMillan to voluntarily dismiss and re-file her lawsuit within one year.

Our primary task in interpreting a statute is to determine the intent of the legislature and to give effect to that intent. Fowler v. Dir. of Revenue, 823 S.W.2d 134, 135 (Mo. App. 1992). In determining this intent, words and phrases are to be given their plain and ordinary meaning. Martinez v. State, 24 S.W.3d 10, 16 (Mo. App. 2000). "It is not our place to construe the clear and unambiguous language of a statute." State v. Wilson, 55 S.W.3d 851, 856 (Mo. App. W.D. 2001). To determine if the language is clear and unambiguous, we look to whether the terms would be plain and clear to one of ordinary intelligence. Id. When the statute's language is unambiguous, a court must give effect to the legislature's chosen language. State ex rel. Young v. Wood, 254 S.W.3d 871, 873 (Mo. 2008). There is no need to resort to rules of construction if the language is plain and unambiguous. Martinez, 24 S.W.3d at 16.

The plain language of the Missouri saving statute unequivocally provides a one-year grace period to re-file a cause of action if that action is "commenced" within the times prescribed in sections 516.010 to 516.370. W. v. Dir. of Revenue, 996 S.W.2d 775, 777 (Mo. App. E.D. 1999). The Missouri borrowing statute, Section 516.190, is clearly included and referenced in the Missouri saving statute. Pilot argues McMillan's re-filed lawsuit was out of time, and therefore, it was barred under the plain language of the borrowing statute, which imposes a complete bar to actions barred in other states. However, Pilot ignores the fact that McMillan's *first* lawsuit was timely filed and was not barred by Louisiana law. In order for Section 516.230 to be invoked, the first action must be timely, that is, the action "shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370." R.S.Mo. § 516.230; Muzingo v. Vaught, 887 S.W.2d 693, 697 (Mo. App. S.D. 1994). If an action is timely filed in Missouri under the

4

borrowing statute, the saving statute will apply, with one exception not applicable in this case and discussed later in this opinion. McMillan's first lawsuit was timely "commenced" and, therefore, the Missouri saving statute attached to provide her a one-year grace period in which to re-file her action after voluntary dismissal.

The Court of Appeals for the Southern District of Missouri examined the application of the Missouri saving statute in circumstances similar to those present in this case. In McDonald v. Ward, 919 S.W.2d 251 (Mo. App. S.D. 1996), the plaintiff sought damages for the wrongful death of his son in a Missouri court. The Kansas wrongful death statute applied under the Missouri borrowing statute. The plaintiff voluntarily dismissed the first lawsuit without prejudice and re-filed less than one year later in accordance with the Missouri saving statute. The defendant argued that if the Kansas wrongful death statute of limitations applied, so did the Kansas saving statute, which only allowed a grace period of six months to re-file. The defendant argued, and the trial court agreed, that because the re-filed action was not filed within six months after plaintiff's dismissal without prejudice, it was barred. The Southern District disagreed and held that the Missouri borrowing statute "makes the statute of limitation of the state in which the action originated applicable, but does not prevent a savings statute of Missouri from applying." McDonald, 919 S.W.2d at 252. Therefore, the Missouri saving statute attached and applied as soon as the first lawsuit was timely filed in accordance with the statute of limitations of the foreign jurisdiction.

The McDonald court relied on longstanding Missouri precedent. The oldest in that line of cases are Christner v. Chicago and Turner v. Missouri-Kansas-Texas R. Co. In Christner, the plaintiff brought suit in Missouri to recover damages for personal injuries sustained in Kansas. The suit was removed to federal court, where a nonsuit was taken. Six days later, the action was re-

5

filed in Missouri. The defendant argued that the re-filed action was filed out of time under the applicable Kansas statute of limitations. However, the Missouri Supreme Court disagreed. As succinctly summarized by a later decision:

> The [Christner] court, in effect, held that the borrowing statute did make the Kansas statute of limitations the applicable statute of limitations. However, [Missouri's] borrowing statute did not interpose the foreign statute as an absolute bar. The effect of the borrowed statute was limited by applicable statutes in pari materia, including the nonsuit saving statute. Therefore, the original action *having been brought within the limits prescribed*, the timeliness of the second action, within the saving period, was not affected by the fact that the Kansas statute had run at the time of the second action.

Toomes, 402 S.W.2d at 322 (emphasis added).

The Missouri Supreme Court came to a similar conclusion in Turner. The plaintiff in Turner timely filed his first lawsuit, then entered a voluntary dismissal without prejudice. Two days later, the plaintiff re-filed the lawsuit, citing the Missouri saving statute. The defendant argued that the Kansas two-year statute of limitations barred the action because the re-filed lawsuit was brought more than eight years after the cause of action accrued. The Turner court, relying on Christner, disagreed, holding that the first action was timely filed under Kansas law, which allowed the Missouri saving statute to apply. This, in turn, allowed the plaintiff to voluntarily dismiss and re-file his lawsuit within one year.

The Missouri Supreme Court's holding in Toomes v. Continental Oil Co., 402 S.W.2d 321 (Mo. 1966) cited Christner and Turner in reaching its decision. In Toomes, the plaintiff filed an action for wrongful death in Missouri. Under the Missouri borrowing statute, the Kansas wrongful death statute applied and required that the wrongful death action be filed within two years. The plaintiff timely filed her action, then voluntarily dismissed it. She re-filed the action within one year, citing the Missouri saving statute. The defendant moved to dismiss the action, arguing that it was out of time under Kansas law. Specifically, the Kansas Supreme Court held, in a case

6

handed down before Toomes, that the two-year wrongful death limitation was a condition imposed upon the exercise of the right of action and, as a result, a saving statute did not apply to wrongful death actions in Kansas.[2] The defendant argued that based on the Kansas Supreme Court's ruling, the wrongful death statute that created the right of action also limited the time for suit and could not be saved by any saving statute. The Missouri Supreme Court agreed and rejected the application of the Missouri saving statute to a wrongful death claim brought under the Kansas wrongful death statute because the Kansas wrongful death statute contained a built-in limitations provision as an element of the cause of action.

When a borrowed statute contains within it a built-in limitations period, that limitations period is applied because no cause of action exists beyond the expiration of the built-in statute of limitations. See R.S.Mo. 516.300; see also Thompson by Thompson v. Crawford, 833 S.W.2d 868, 871 (Mo. 1992). Like Christner and Turner—and unlike Toomes— this case does not involve a statute that both creates the right of action and limits the time of suit. It is undisputed by the parties that the Louisiana statute of limitations applicable in this case is a separate general statute of limitations provision. Therefore, the reasoning in Turner and Christner guides our decision. McMillan timely filed her petition under the applicable general Louisiana statute of limitations. She then voluntarily dismissed and re-filed her lawsuit within one year. McMillan's first lawsuit was timely, allowing her to avail herself of the one-year grace period for refiling provided by the Missouri saving statute. This is precisely what the saving statute was designed to do. The saving

---

[2] As pointed out by the Western District in Ward, the Kansas Legislature enacted a new code of civil procedure in 1963. Therefore, the built-in two-year statute of limitations was repealed, and the general limitation article fixing a two-year general limitations period applied to the Kansas wrongful death act. See Ward, 919 S.W.2d at FN4. In effect, the exception for built-in statutes of limitation created by Toomes did not apply to limit the plaintiff's action in Ward, despite the fact that the Kansas wrongful death act was at issue in both cases. In fact, the Toomes court recognized that the new enactment placed the death act limitation in the general limitations article, but held that it need not consider whether such change would be significant if the new statute were applicable in the case before it. Toomes, 402 S.W.2d at FN3.

statute allows a plaintiff a grace period to re-file an action *that would otherwise be barred by the relevant statute of limitations*. A holding that McMillan's second lawsuit was out of time under Louisiana statute of limitations and tolling provisions would directly contravene the purpose and application of the Missouri saving statute.

Our holding does not, as Pilot argues, undermine Missouri's policy interest in protecting its residents from an out-of-state party shopping for a forum to assert a claim that is otherwise barred by the laws of that party's state. Natalini v. Little, 185 S.W.3d 239, 251–52 (Mo. App. S.D. 2006). Missouri's policy interest coincides with the purpose of the borrowing statute, which prevents a plaintiff from gaining more time to bring an action merely by suing in a forum other than where the cause of action accrued. Patch v. Playboy Enterprises, Inc., 652 F.2d 754, 756 (8th Cir. 1981). However, the saving statute does not "save" actions that are time-barred. Instead, the saving statute provides a one-year grace period for *actions that are timely filed and suffer a nonsuit*. McMillan timely filed her suit under Louisiana law. McMillan was not forum shopping because the saving statute did not provide her with a longer period in which to file suit. The initial suit was timely filed, so McMillan did not receive the benefit of a longer limitations period.

Pilot argues that Toomes, Christner, and Turner are no longer good law. Instead, Pilot argues that the Missouri Supreme Court's decision in Thompson by Thompson v. Crawford, 833 S.W.2d 868 (Mo. 1992) requires that the Louisiana statute of limitations and its tolling provisions apply to bar McMillan's re-filed lawsuit. Thompson did not involve the Missouri saving statute. In Thompson, a minor filed a petition in Missouri for wrongful death arising out of an automobile accident that occurred in Tennessee. After engaging in a conflicts of law analysis, whereby the Supreme Court found that Tennessee substantive law applied, the Court then turned to the question of which state's statute of limitations should control. The Supreme Court found that the Missouri

8

General Assembly answered that question through the enactment of the borrowing statute, which held that the statute of limitations of the state in which the cause of action originated or accrued was controlling. The cause of action accrued in Tennessee and, as a result, the Supreme Court applied the Tennessee wrongful death statute. The Tennessee wrongful death statute did not, however, contain a built-in or inherent limitations period. Instead, the Tennessee Supreme Court held that a wrongful death action must be filed within one-year, which is the limitations period for personal injury actions in Tennessee generally.

The minor plaintiff failed to file his petition within the one-year statute of limitations period. He instead argued that the running of the statutory time period must be tolled because under Missouri law, a plaintiff need not bring his action before the age of twenty-one. The minor plaintiff cited Section 516.170, which stated that "if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued to be…within the age of twenty-one years.., such person shall be at liberty to bring such actions within the respective times in section 516.100 to 516.370 limited after such disability is removed." The minor plaintiff argued that because the borrowing statute applied, Missouri tolling provisions also applied. The Thompson court disagreed and held that when the statute of limitations of a foreign state was applied, the tolling provisions of that state were borrowed as well. Therefore, because Tennessee did not toll the statute of limitations for minor plaintiffs under the Tennessee wrongful death statute, likewise, Missouri could not toll the plaintiff's cause of action. In essence, the ruling of the Court in Thompson preserved the legislature's intent to prevent forum shopping for a longer period in which to file suit.

We disagree with Pilot that Thompson is controlling and that Toomes, Turner, and Christner are outdated and overruled. Notably, as discussed below, the case here does not involve

9

any issues of tolling, as in <u>Thompson</u>. Secondly, this court is constitutionally bound to follow the latest controlling decisions of the Missouri Supreme Court. <u>Knorp v. Thompson</u>, 352 Mo. 44, 175 S.W.2d 889, 894 (1943). Thus, unless <u>Toomes</u>, <u>Turner</u>, and <u>Christner</u> are "plainly in conflict with" <u>Thompson</u>, they must control the outcome of the present case. <u>St. Louis Sw. Ry. Co. of Tex. v. Spring River Stone Co.</u>, 169 Mo.App. 109, 154 S.W. 465, 467 (1913); <u>see also</u> <u>State v. Aaron</u>, 218 S.W.3d 501, 511 (Mo. App. W.D. 2007).

As noted above, <u>Thompson</u> involves issues of tolling, and the decision is focused on whether the plaintiff's initial lawsuit was timely filed. Significantly, the <u>Thompson</u> court unequivocally held that when borrowing the statute of limitations of a foreign state, the applicable tolling provisions of that state are borrowed as well. As a result, the plaintiff in <u>Thompson</u> filed her petition out of time under the Tennessee one-year statute of limitations for wrongful death because Tennessee did not have a tolling period for minor plaintiffs. <u>Thompson</u> does not, however, comment or rule on the issue of whether a suit timely filed in accordance with the borrowing statute then fell within the purview of the saving statute. In contrast, <u>Toomes</u>, <u>Turner</u>, and <u>Christner</u> all discuss the application of the Missouri saving statute to foreign statutes of limitation in accordance with the borrowing statute. This is the exact issue here. Therefore, we must follow the holdings in <u>Toomes</u>, <u>Turner</u>, and <u>Christner</u>.

Furthermore, "[t]his court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." <u>Weil v. Dir. of Revenue</u>, 304 S.W.3d 768, 770 (Mo. App. E.D. 2010) (citing Mo. Const. art. V, sec. 2). We are without authority to overrule the controlling decisions of the Supreme Court. <u>Noe v. Pipe Works, Inc.</u>, 874 S.W.2d 502, 504 (Mo. App. E.D. 1994). Supreme Court decisions that have not subsequently been criticized, modified, or overruled are controlling authority. <u>State ex rel. Maclay v. Cox</u>, 320 Mo. 1218, 1233, 10 S.W.2d

940, 946 (1928). We do not presume the Supreme Court has overruled its previous decision unless it proclaims otherwise. See State v. Hankins, 801 S.W.2d 781, 783 (Mo. App. S.D. 1991). Toomes, Turner, and Christner are controlling decisions of the Supreme Court that have not been explicitly overruled, criticized, or modified.  As a result, we are constitutionally bound to follow them.

## CONCLUSION

The judgment of the trial court granting Pilot's motion to dismiss is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Lisa Van Amburg, Judge


Angela T. Quigless, P.J. and
Robert G. Dowd, Jr., J., concur.

11